OPINION OF THE COURT
Vincent E. Doyle, J.
The issues in the above-entitled action having duly come on for trial before the Honorable Vincent E. Doyle, a Justice of this court, and a jury, on the 17th day of May 1991, at a Trial Term held in the City of Buffalo, New York, and the plaintiffs, Mark D. and Patricia C. Peterson, having appeared by their attorneys, Paul William Beltz, P. C., and the defendants, Thomas Zuercher, Jr., and the New York Telephone Company, having appeared by their attorneys, Phillips, Lytle, *685 Hitchcock, Blaine & Huber, Paul Morrison-Taylor, Esq., and the issues having been duly tried and the court having directed the jury to return a general verdict accompanied by answers to interrogatories contained in a verdict sheet submitted by the court and the jury on the 6th day of June 1991, having rendered a general verdict in favor of the plaintiffs and against all defendants and having returned answers to said interrogatories, and the jury having specifically rendered the following verdicts against all of the defendants and in favor of plaintiff Mark D. Peterson for past damages as follows:
(1) Past Damages:
$67,076.00 (a) Past lost wages
$16,868.67 (b) Past medical expenses
$50,000.00 (c) Past pain and suffering
$133,944.67
(2) Future Damages:
$1,090,380.00 (a) Wages 29 years
$100,000.00 (b) Medical 29 years
$100,000.00 (c) Pain & suffering 38.4 years
$1,290,380.00
The jury verdict sheet also awarded plaintiff Patricia C. Peterson, wife of plaintiff Mark D. Peterson:
(a) Past loss of services $10,000.00
(b) Future loss of services $90,000.00
$100,000.00
The verdict for plaintiff Patricia C. Peterson arises out of her derivative cause of action for the loss of services of her plaintiff husband and is considered by this court to be an entirely separate award from the one rendered on behalf of her husband. Thus, the plaintiff Patricia C. Peterson shall be paid the lump sum of $100,000 for both past and future loss of services of her husband, inasmuch as her future damages of $90,000 is not in excess of $250,000 (see, CPLR 5041 [b]).
Pursuant to CPLR 5041 (b), the court is to enter a lump-sum judgment in favor of plaintiff Mark D. Peterson for the past damages awarded (here $133,944.17) and for the first $250,000 of future damages.
Further, the statute provides that "any lump sum payment of a portion of future damages shall be deemed to include the elements of future damages in the same proportion as such *686 elements comprise of the total award for future damages as determined by the trier of fact”.
The $250,000 for future damages is calculated as follows:
FUTURE DAMAGES PERCENTAGE REDUCTION REDUCED FUTURE DAMAGES
Wages $1,090,380 .8450 X $250,000 $211,250 $ 879,130
$1,290,380
Medical $100,000 .0775 X $250,000 $ 19,375 $ 80,625
$1,290,380
Pain $100,000 .0775 X $250,000 $ 19,375 $ 80,625
$1,290,380
TOTAL $1,240,380 1.000 $250,000 $1,040,380
Pursuant to CPLR 5041 (c), attorney’s fees relating to the future damages in excess of $250,000 are payable in a lump sum "based upon the present value of the annuity contract purchased to provide payment of such future periodically paid damages [to plaintiff] pursuant to subdivision (e) of this section.”
Under CPLR 5041 (e), the following computations must be made to determine present value:
FUTURE DAMAGES (AFTER DEDUCTION OF PERCENT TOWARD FIRST $250,000) FIRST YEARLY YEARS PAYMENT
29 $30,315 Wages $879,130
29 $2,780 Medical $80,625
10[1] $8,063 Pain $80,625
of CPLR 5041 (e), the yearly payments are then increased by adding 4% to the previous year’s payment for the prescribed number of years. Assuming the present appropriate discount rate to be 8%, in order to determine counsel fees, the court must determine the present value of such a structured award and deduct 3310% of that amount from the future damages award. Thus: Continuing with the application
*687 FIRST YEARLY PAYMENT FACTOR
Wages $30,315 X 16.6321[2] $504,202
Medical $2,780 X 16.6321 $46,230
Pain $8,063 X 7.8590 $63,369
Calculation of attorney’s fees at 3316%:
Wages: $504,202 X 33/3% = $168,067
Medical: $46,230 X 33/3% = $15,410
Pain: $63,369 X 33/3% = $21,123
Deduction of attorney’s fees from future award[3] (After deduction of percent toward first $250,000 lump sum)
ATTORNEY FUTURE DAMAGE FEES
Wages: $879,130 $168,067 = $711,063
Medical: $80,625 $15,410 = $65,215
Pain: $80,625 $21,123 = $59,502
total: $204,600
Pursuant to CPLR 5041(e), the court must, after making adjustments, including deduction of attorney’s fees, determine the present value of an annuity contract that will provide payment for future damages in periodic installments.[4] Thus:
REDUCED FUTURE DAMAGES AFTER FIRST YEAR FEES YEARS PAYMENT
Wages: $711,063 29 $24,519
Medical: $65,215 29 $2,248
Pain: $59,502 10 $5,950
Continuing with the application of CPLR 5041 (e), the yearly payments are then increased by adding 4% to the previous year’s payment for the prescribed number of years. Assuming the appropriate discount rate to be 8%, the present value of such an award would be:
FIRST YEARLY PRESENT YEARS PAYMENT FACTOR VALUE
Wages: 29 $24,519 X 16.6321 $407,798
*688 Medical: 29 $2,248 X 16.6321 $37,389
Pain: 10 $5,950 X 7.8590 $46,761
total: $491,948
RECAPITULATION
I. Lump-Sum Award
TOTAL PLAINTIFF MARK PETERSON ATTORNEY
$133,944.67 $89,296.45 $44,648.22 (a) Past Damages
$250,000.00 $166,666.67 $83,333.33 (b) First $250,000 of Future Damages
(c) Attorney’s Fees Portion of Future Damages $204,600.00
(1) TOTAL LUMP AWARD PAYABLE BY DEFENDANTS (2) TOTAL LUMP SUM FOR ATTORNEY S FEES
MARK PETERSON $255,963.12 $322,581.55
PATRICIA PETERSON $66,666.66 $33,333.33
II. Structured Award
(a) Present Value of Periodic Payments $491,948
The court therefore directs the entry of a judgment in favor of plaintiffs and against the defendants as set forth under the total lump-sum awards (1) and (2), above and in the amount of $491,948, which amount is the present value of an annuity contract that will provide for the payment of the remaining amounts of future damages and periodic installments pursuant to CPLR 5041 (e).
DISCOUNT RATE
This court has determined the appropriate discount rate to be applied as of June 6th, 1991 (the date of the jury award) is 8%. In this case, the discount rate represents the average rate of interest which plaintiff Mark D. Peterson can expect to receive over the next 29 years if he were to invest his award for future damages in a vehicle judged by the market to be free of the risk of default.
The discount rate includes two major components: the real rate of interest and the inflation factor. The affidavit, dated November 27th, 1991, of the economist presented by the defendants sets forth a number of factors to be evaluated as a basis for the selection of an 8% discount rate, which have *689 been accepted by this court as the most accurate basis for the selection and application of the 8% discount rate to be used in reducing future losses to present value.
Defendants’ economist points out that numerous studies have concluded that the real rate of interest over the last 15 years has been 3%, while both historical information and forecasts of the future indicate that inflation will average 5% per year during the next 30 years. He concludes the combination of a 3% real rate of interest and 5% per year inflation supports an 8% discount rate.
Additionally, the Federal Government establishes a discount rate monthly through the Secretary of the United States Treasury Department who is required during each calendar month to determine the Federal short-term, mid-term and long-term rate which will apply during the following calendar month (see, Internal Revenue Code [26 USC] § 1274 [d] [1] [B]) which is based on the average market yield during any one-month period ending in the calendar month in which the determination is made, on outstanding marketable obligations of the United States with remaining periods to maturity of nine years or more (Internal Revenue Code [26 USC] § 1274 [d] [1] [C] [ii]).
The Federal long-term rate is used by the Federal Government as a discount rate to determine whether a debt instrument given in consideration for the sale or exchange of property bears adequate stated interest (Internal Revenue Code [26 USC] § 1274 [b] [2]); for the determination of the present values of future payments on the sale or exchange of property (Internal Revenue Code [26 USC] § 483 [b]); for the determination of the present value of payments due under "below market” loans (Internal Revenue Code [26 USC] § 7872 [b] [1] [B]); and for the determination of the present values of annuities, interests for life or a term of years, and remainder and reversionary interests (Internal Revenue Service Notice 89-24, 1989-1 CB 660). Thus, the applicable Federal long-term rate for June 1991 ranged between 8% and 8.3% depending on the compounding period (Rev Rui 91-35, 1991-22 IRB 1). Moreover, a higher discount rate reduces the attorney’s fees, thus providing greater payment to the client. Further, it serves to reduce defendants’ cost for the annuity policy required by the judgment.
This court rejects the use of a "net discount rate” in calculating the present value under CPLR article 50-B, as *690 suggested by the plaintiffs’ economist in his affidavits, for the following reasons.
(a) CPLR 5041 (e) calls for the use of a discount rate, not a "net” discount rate;
(b) The use of a "net” discount rate by plaintiffs’ economists results in a total value, after reduction to present value, of $1,652,920.47 which is in excess of the jury’s verdict; and
(c) The use of a "net” discount rate ignores that CPLR article 50-B incorporates a 4% compounding factor to account for inflation, addressed in the legislative history of CPLR article 50-A upon which article 50-B was directly modeled.
Part of the 1985 Governor’s Program Bill relating to CPLR article 50-A specifically provides: "Section nine would add a new Article 50-A to the Civil Practice Law and Rules (CPLR) to require that future damages in medical and dental malpractice actions be paid in periodic installments. After making adjustments for litigation expenses (including attorney’s fees) and providing compensation for subrogees and lien holders, courts would be required to enter judgment for the payment of the remaining future damages exceeding $250,000.00 in periodic payments. Payments would be made over the period of time found by the trier of fact for the payment of future damages, except for payment for pain and suffering which will be paid over no more than 10 years. Payments would be adjusted by a four (4) percent inflation factor. The defendant(s) would be required to post sufficient security to meet these periodic payment obligations” (emphasis added).
Thus, plaintiff is directed to submit a proposed judgment on notice in conformity with this opinion.

. "[T]he period of time used to calculate the present value for damages attributable to pain and suffering shall be ten years or the period of time determined by the trier of fact [here, 38.4 years], whichever is less” (CPLR 5041 [e]).

. As determined by a qualified annuitist. The factor is determined by computation of the 8% discount rate and the statutorily required 4% inflation factor.

. "The Verdict is In . . . Now What?” by Dan D. Kohane, Esq., Hurwitz & Fine, Buffalo, New York; presented at a New York State Bar Association seminar on May 11, 1990 sponsored by the Insurance, Negligence and Compensation Law and Continuing Legal Education Committees.

. Id.