tions of the judgment awarding damages for future lost wages and grant a new trial on the issue of future lost wages only. (Appeal from Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Negligence.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ. *[See, Peterson v Zuercher,* 152 Misc 2d 684.]

■ Mark D. Peterson et al., Respondents, v Thomas Zuercher, Jr., et al., Appellants. (Appeal No. 2.) [605 NYS2d 990] —Appeal unanimously dismissed without costs *(see,* CPLR 5501 [a] [2]). (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—Set Aside Verdict.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ. *[See, Peterson v Zuercher,* 152 Misc 2d 684.]

■ Mark D. Peterson et al., Respondents, v Thomas Zuercher, Jr., et al., Appellants. (Appeal No. 3.) [605 NYS2d 991] —Appeal unanimously dismissed without costs *(see, Pallotta v West Bend Co.,* 166 AD2d 637, 638; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—Discovery.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.

■ The People of the State of New York, Respondent, v Willie Durr, Appellant. [604 NYS2d 385] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of one count of sodomy in the first degree (Penal Law § 130.50 [3]). On appeal, defendant argues that the court erred in admitting into evidence a misleading redacted statement: "I know that I am a sick man and I want to kill the human race. I know that I have a problem and that what I did was wrong, and I want to get help." The statement was redacted from defendant's confession to an uncharged act of sodomy.

The court erred in allowing into evidence the redacted version of the statement, holding that it related to a "consciousness of guilt and a state of mind." In the redacted version, defendant's admission of guilt appeared to relate to either the charged crimes or a general propensity to commit sodomy.

The People argue that the redacted version was ambiguous and, therefore, admissible under *People v Shegog* (155 AD2d 891, *lv denied* 75 NY2d 818). The People cite *Shegog* for the proposition that evidence that is equivocal or consistent with suppositions other than guilt may still be admissible. Unlike