■ KONSTANTINOS KARAGIANNIS, Appellant-Respondent, et al., Claimant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent-Appellant. (Appeal No. 1.) (Claim No. 77716.) [619 NYS2d 906] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Court of Claims for further proceedings in accordance with the following Memorandum: Konstantinos Karagiannis (claimant) fell while painting a Thruway bridge and suffered serious and permanent injury. In April 1991 the Court of Claims granted summary judgment on liability to claimant and to his wife on her derivative claim. In December 1991, after a trial on damages, the court awarded claimant and his wife total damages of $363,325. On appeal, we affirmed the award to claimant's wife but determined that the award to claimant was inadequate; we therefore increased that award and remitted the matter to the Court of Claims for final calculation of the judgment under CPLR article 50-B *(Karagiannis v New York State Thruway Auth.,* 187 AD2d 1009, *lv dismissed* 81 NY2d 835).

After the article 50-B hearing held in June 1993, the court readjusted the past and future damages awards, two years having elapsed between the time of the initial award and the article 50-B hearing, and denied prejudgment interest on future damages. The court further calculated the attorney's fees to be paid from claimant's award of future damages and calculated the first payment on the annuity contract to be purchased by defendant for claimant's future damages pursuant to CPLR 5041 (e). Claimant appeals and defendant cross-appeals from the methodology used by the court in arriving at its judgment.

The court erred in failing to calculate prejudgment interest on the present value of claimant's future damages. Future damages are properly treated as a debt owed entirely as of the date of the determination of liability and, therefore, interest is properly charged against the present value of future damages from that date *(Rohring v City of Niagara Falls,* 84 NY2d 60, 68-70). We modify the judgment appealed from by adding

prejudgment interest to the present value of claimant's future damages, and we remit the matter to the Court of Claims to determine the amount of prejudgment interest from the date of determination of liability to the date of the award at the statutory rate of 9% (see, CPLR 5004; see also, State Finance Law § 16).

The court further erred in failing to include the annual 4% increase required by CPLR 5041 (e) in computing the attorney's fees. CPLR 5041 (c) provides that the "portion of the attorney's fees related to the future periodically paid damages shall also be payable in a lump sum, based on the *present value of the annuity contract purchased to provide payment of such future periodically paid damages* pursuant to subdivision (e) of this section" (emphasis supplied). The "annuity contract purchased" pursuant to CPLR 5041 (e) must include a 4% annual increase in each year of the annuity. Therefore, CPLR 5041 (e) requires that in computing attorney's fees the 4% annual increase be included in the calculation and that the total thus reached be reduced to present value (see, In re New York Asbestos Litig., 847 F Supp 1086, 1112; Marulli v Pro Sec. Serv., 151 Misc 2d 1077; Ursini v Sussman, 143 Misc 2d 727). That calculation yields a result of $116,922. We further modify the judgment to provide that sum as the corrected amount of attorney's fees. We direct the court upon remittal to add to that sum that portion of prejudgment interest on the present value of future damages attributable to the attorney's fees and to recalculate the present value of the annuity contract to be purchased by defendant for claimant's future damages (see, CPLR 5041 [e]).

The court also erred in determining that the applicable discount rate was that in effect in March 1991, the date of the liability determination. CPLR 5041 (e) provides that the discount rate to be applied to the annuity contract is "the discount rate in effect at the time of the award." Therefore, December 1991, the date of the court's original award, was the proper date for determining the discount rate (see generally, Sega v State of New York, 60 NY2d 183, 191; McKinney's Cons Laws of NY, Book 1, Statutes § 91). The record establishes that the December 1991 Federal Funds rate was 4.43% and the rate for long-term treasury bonds was 7.58%. Because the majority of the award is to be invested in long-term annuities, the long-term treasury bond rate should be given great weight. The record, therefore, supports the determination that the 7% discount rate applied by the court was appropriate, and there is no need to modify the judgment on that basis.

The further contention of claimant that the court erred in failing to adjust the future damages award to account for inflation is without merit *(see, Brown v State of New York,* 184 AD2d 126, 130, *lv denied* 81 NY2d 711).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeals from Judgment of Court of Claims, Hanifin, J.—Damages.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.