[635 NYS2d 367]

Anthony J. Caruso et al., Respondents, v Russell P. LeFrois Builders, Inc., Appellant. (Appeal No. 2.)

Fourth Department, November 15, 1995

### APPEARANCES OF COUNSEL

*David B. Mahoney,* Rochester *(Mark J. Valerio* of counsel), for appellant.

*Edwin Robert Schulman,* Rochester, for respondents.

### OPINION OF THE COURT

WESLEY, J.

Defendant Russell P. LeFrois Builders, Inc. (LeFrois) appeals from a judgment following a jury verdict on damages insofar as it denied LeFrois's motion to deduct Social Security disability payments as a collateral source pursuant to CPLR 4545 (c) and established a discount rate for the damages award pursuant to CPLR 5041 (e) without a hearing.

I

In July 1991 Anthony Joseph Caruso (plaintiff) injured his left shoulder when he fell from a ladder while working as a commercial/industrial electrician. Despite extensive medical and physiotherapy treatments, plaintiff has been unable to work or resume his normal activities around his home and farm and is so disabled that he is not eligible for vocational rehabilitation for reemployment in another field. In August 1992 plaintiff began receiving Social Security disability benefits in

the amount of $1,024 per month. Plaintiff and his wife commenced this personal injury action in June 1992. Supreme Court granted plaintiff summary judgment on the issue of liability, and a jury trial was held on the issue of damages. The jury awarded plaintiff damages of $1,306,288 and awarded his wife damages of $100,000 on her derivative claim.

Following the verdict, LeFrois moved for an order pursuant to CPLR 4545 (c) permitting it to deduct plaintiff's Social Security disability benefits from the economic damages portion of plaintiff's future damages award. LeFrois also sought an order directing a hearing pursuant to CPLR 5041 (e) to ascertain the appropriate discount rate for determining the present value of the future damages award. The court denied LeFrois's motion to deduct plaintiff's Social Security disability benefits as a collateral source and for a hearing on the issue of the discount rate, and held that a 5.5% discount rate would be applied to establish the present value of the future damages award. Thereafter, the court determined that plaintiff was entitled to $592,672 in past damages, and $753,728 in future damages. After deducting the first $250,000 of the future damages award (see, CPLR 5041 [b]; *Rohring v City of Niagara Falls*, 84 NY2d 60, 66), the court granted plaintiff a judgment in the amount of $503,728 in future damages that, after application of the 5.5% discount rate and an adjustment based on a 4% annual rate of interest, had a present value of $459,059. This appeal ensued.

## II

■ The court erred in denying LeFrois's application to deduct Social Security disability payments as a collateral source pursuant to CPLR 4545 (c). The legislative history of CPLR 4545 specifically identifies Social Security disability benefits as one example of future payments that are intended to be included within the scope of the statute (see, Mem of St Exec Dept, 1985 McKinney's Session Laws of NY, at 3023). Payments pursuant to title XVIII of the Social Security Act are specifically excluded by the statute from consideration as a collateral source. As a matter of statutory construction, all other Social Security benefits may be applied as a setoff (see, McKinney's Cons Laws of NY, Book 1, Statutes § 240; *Patrolmen's Benevolent Assn. v City of New York*, 41 NY2d 205, 208-209; *Matter of Buffalo Columbus Hosp. v Axelrod*, 165 AD2d 605, 608).

However, CPLR 4545 further requires proof that the benefits in question will, with reasonable certainty, replace or indemnify an award of damages for personal injury. The term " 'rea-

sonable certainty' " is synonymous with the term " 'clear and convincing proof' " (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4545:3, at 349). To satisfy that burden, defendant must show that it is highly probable that plaintiff will continue to be eligible for Social Security benefits *(see, Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 45, *lv denied* 70 NY2d 610; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4545:3, at 349; PJI 1:64 [1995 Suppl]).

The term "disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which * * * can be expected to last for a continuous period of not less than 12 months" (42 USC § 423 [d] [1] [A]). In addition, the applicant must further establish that he is unable to engage in his previous field of work and unable to obtain any other kind of substantial gainful employment in the national economy, giving due consideration to his age, education and work experience *(see,* 42 USC § 423 [d] [2] [A]).

Upon our review of the medical testimony at trial, we conclude that the record supports the conclusion that plaintiff will continue to be eligible for Social Security benefits with reasonable certainty. The record establishes that plaintiff has suffered a partial to total permanent disability with little likelihood of improvement with further treatment. Plaintiff has not been able to return to work and will require psychological and psychiatric treatment along with physical and pain management therapy for the rest of his life. LeFrois's examining surgeon admitted at trial that plaintiff was totally disabled. Plaintiff has been rejected for admission to a vocational rehabilitation program and there is no dispute that his opportunities for reemployment are minimal to nonexistent.

This is not a case where it is unclear whether plaintiff would be eligible for collateral source payments *(cf., Andrialis v Snyder,* 159 Misc 2d 419, 427-428). The record shows that plaintiff was awarded Social Security disability benefits prior to trial and continued to receive them up until the application to the court for the collateral source deduction.

Plaintiff argues that it is not highly probable that his benefits will continue because his condition may improve such that his benefits will be reduced or discontinued, or the administrative criteria for the receipt of benefits will change. Such speculation is insufficient to exclude invocation of the collateral source rule *(see, Frey v Smith & Sons,* 751 F Supp 1052,

1056). We note that, if plaintiff's condition were to improve such that plaintiff would be able to return to work, his need for either economic loss damages or Social Security disability benefits would be reduced or obviated.

## III

We further conclude that the court did not err in assigning a discount rate of 5.5% to establish the present value of the future damages award pursuant to CPLR 5041 (e). Contrary to the contention of LeFrois, that statute does not require a hearing on this issue. Neither party submitted an expert's affidavit with regard to the appropriate discount rate in effect at the time of the jury's award (cf., Reed v Harter Chair Corp., 196 AD2d 123, 127; Peterson v Zuercher, 152 Misc 2d 684, 688-689, mod on other grounds 198 AD2d 797).

The date used to determine the appropriate discount rate is the date of the original award or the date that judgment was entered (see, Karagiannis v New York State Thruway Auth., 209 AD2d 993, 994). The jury verdict was rendered on May 27, 1994. The court's judgment was rendered on July 12, 1994. In determining the discount rate, the court took judicial notice of financial data in the New York Times for June 1993, June 1994, July 1993 and July 1994. The appropriate time period in this case was July 1994 (see, Karagiannis v New York State Thruway Auth., supra, at 994). We conclude that, in the absence of other submissions from counsel, the court properly took judicial notice of published financial data in determining the discount rate. We further conclude that the court's averaging approach in determining a discount rate based upon rates urged by the parties was an appropriate exercise of the court's discretion (see, In re New York Asbestos Litig., 847 F Supp 1086, 1113, affd in part and vacated in part on other grounds sub nom. Consorti v Armstrong World Indus., 72 F3d 1003). Furthermore, because LeFrois failed to submit any expert affidavits stating that such an analysis was actuarially unsound, there is no evidence in the record that the court's approach in this case was erroneous.

## IV

Accordingly, the judgment should be modified by vacating plaintiff's award of damages; the matter should be remitted to Supreme Court to recalculate the amount of that award, reducing it by the amount of plaintiff's Social Security disability benefits calculated at the rate of $1,024 per month and, with

respect to the future damages award, by applying the setoff for plaintiff's Social Security disability benefits at the 5.5% discount rate and 4% annual interest rate in accordance with CPLR 5041 (e).

PINE, J. P., LAWTON, DAVIS and BOEHM, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, without costs, and matter remitted to Supreme Court for further proceedings in accordance with the opinion by WESLEY, J.