(September 9, 1996)

■ MICHAEL BEBEE, Respondent, v CITY OF NEW YORK, Appellant. [647 NYS2d 95] —In an action to recover damages for

personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Price, J.), dated June 29, 1994, which, upon a jury verdict, is in favor of the plaintiff and against the defendant in the principal sum of $22,326,014 ($122,519 for past loss of earnings, $1,450,245 for future loss of earnings, $1,500,000 for past pain and suffering, $8,500,000 for future pain and suffering, $3,128,250 for future medical expenses, $6,000,000 for future home care, and $1,625,000 for future equipment and transportation).

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages from the principal sum of $22,326,014 to $3,015,000 ($90,000 for past loss of earnings, $650,000 for future loss of earnings, $125,000 for past pain and suffering, $750,000 for future pain and suffering, $675,000 for future medical expenses, $425,000 for future home care, and $300,000 for future equipment and transportation), and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Upon our review of the record in this case, we conclude that there was legally sufficient evidence to support the jury's verdict. Further, the verdict was not against the weight of the evidence since the record demonstrates that a fair basis existed for the verdict in the plaintiff's favor (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499).

We do find, however, that the damages awarded were excessive to the extent indicated, in that they deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The defendant's remaining contentions are without merit. Thompson, J. P., Joy, Altman and Hart, JJ., concur.