<hr/>

(August 23, 1999)

■ MICHELLE ABELLARD, as Conservator of CARMELITE ABELLARD and Others, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [694 NYS2d 163] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered April 17, 1998, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $17,000,000 for future custodial care for a period of 20 years.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of the amount of damages for future custodial care only, unless within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict on the issue of damages for future custodial care from $17,000,000 to $12,000,000, and to the entry of an appropriate amended judgment in accordance herewith. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The award of damages for future custodial care was excessive to the extent indicated, in that it deviated materially from what would be reasonable compensation (see, CPLR 5501 [c]; Nevarez v New York City Health & Hosps. Corp., 248 AD2d 307; O'Brien v City of New York, 231 AD2d 698; Bebee v City of

*New York,* 231 AD2d 481). We therefore order a new trial on the issue of damages for future custodial care unless the plaintiff stipulates to reduce the jury verdict as indicated.

We also conclude that the court erred in adopting the 5.919% discount rate offered by the plaintiff. We agree with the appellant that there was no basis upon which to conclude that this was a fair and accurate discount rate. The court should instead have adopted the rate of 6.25%, which was proposed by the defendant, and which reflected the discount rate available on 20-year treasury bonds as of the time of the verdict (*see, Caruso v LeFrois Bldrs.,* 217 AD2d 256, 260; *Karagiannis v New York State Thruway Auth.,* 209 AD2d 993; *Liriano v Hobart Corp.,* 960 F Supp 43). In the event that the plaintiff stipulates to reduce the jury's verdict as indicated, this is the discount rate which should be applied in settling the amended judgment. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.