■ EMILE ALTMAJER et al., Respondents, v JEFFREY L. MORLEY et al., Appellants. [711 NYS2d 752] —In an action to recover damages for wrongful death, the defendants appeal from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated April 12, 1996, as granted the plaintiffs' motion for partial summary judgment on the issue of liability.

■ EMILE ALTMAJER et al., Respondents, v JEFFREY L. MORLEY et al., Appellants. [710 NYS2d 616] —In an action to recover damages for wrongful death, the defendants appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated December 21, 1998, which, upon an order of the same court (Vinik, J.), dated April 12, 1996, granting the plaintiffs' motion for partial summary judgment on the issue of liability and upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $2,509,007 (representing $1,250,000 each for Liwia Lesik and Jerzy Lesik and $9,007 for the estate of Wieslaw Lesik).

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiffs Liwia Lesik and Jerzy Lesik, and a new trial is granted with respect thereto; as so modified, the judgment is affirmed, with costs to the defendants, unless, within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, they shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for Liwia Lesik and Jerzy Lesik from the sum of $1,250,000 for each child to the

sum of $400,000 for each child, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment with the present value of the annuity contract to be calculated in accordance herewith.

The plaintiffs' motion for partial summary judgment on the issue of liability was properly granted. The defendant Jeffrey L. Morley, the driver of the truck that collided with the vehicle of the plaintiffs' decedent, and the only eyewitness to the accident, testified at his deposition that he took his eyes off the road for "a second or two" and struck the decedent's vehicle. Since he never saw the decedent's vehicle at any time prior to impact, there is no factual foundation for the claim that the decedent's vehicle was involved in an earlier accident, was parked or stopped on a highway, and was partially protruding into Morley's lane of travel. Moreover, the claim that the lights on the decedent's vehicle were off was based on Morley's observation after the accident, not before. There were, therefore, no triable issues of fact warranting the denial of the plaintiffs' motion.

The defendants contend that the sums awarded for damages are excessive. It is well established that in a wrongful death action, an award of damages is limited to the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought (see, EPTL 5-4.3; also, Parilis v Feinstein, 49 NY2d 984, 985; Plotkin v New York City Health & Hosps. Corp., 221 AD2d 425, 426). The determination of pecuniary damages in such an action is peculiarly within the province of the jury (see, Parilis v Feinstein, supra; Facilla v New York City Health & Hosps. Corp., 221 AD2d 498), and its determination will generally not be disturbed unless the award deviates materially from what is reasonable under the circumstances (see, Christopher v Great Atl. & Pac. Tea Co., 76 NY2d 1003; Plotkin v New York City Health & Hosps. Corp., supra).

In the instant case, the decedent, a Polish national, had not seen the plaintiff children since he divorced his wife and moved to the United States in 1988. Since coming to this country, he had worked as a gas station attendant and then, for the five months prior to his death, as an asbestos remover earning a gross annual pay of about $23,000. Accordingly, we find the verdict to be excessive to the extent indicated.

We note, however, that in calculating the present value of

the annuity contract to be purchased by the defendants, the trial court erred in applying the discount rate in effect as of the date of the judgment, which was the discount rate supplied by the plaintiffs. CPLR 5041 (e) provides, in pertinent part, that the present value of the annuity contract to be purchased by a defendant "shall be determined in accordance with generally accepted actuarial practices by applying the discount rate in effect at the time of the award to the full amount of the remaining future damages". The discount rate in effect at "the time of the award" is the long-term treasury bond rate in effect as of the date of the verdict (*see, Abellard v New York City Health & Hosps. Corp.*, 264 AD2d 460; *Caruso v LeFrois Bldrs.*, 217 AD2d 256; *Karagiannis v New York State Thruway Auth.*, 209 AD2d 993).

The defendants' remaining contentions are without merit. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.