■ THOMAS J. YOUNG et al., Respondents, v TOPS MARKETS, INC., et al., Appellants. (Appeal No. 1.) [724 NYS2d 921] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Discovery.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.

■ THOMAS J. YOUNG, Respondent, et al., Plaintiff, v TOPS MARKETS, INC., et al., Appellants. (Appeal No. 4.) [725 NYS2d 489] —Judgment reversed on the law without costs and new trial granted on damages for past and future pain and suffering only unless plaintiff Thomas J. Young, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for past pain and suffering to $1 million and for future pain and suffering to $2.5 million, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Thomas J. Young (plaintiff) in April 1994 when he fell 18 feet in an accident at work. Partial summary judgment on the issue of liability under Labor Law § 240 (1) was granted in June 1998, and a jury trial on the issue of damages was held in December 1998. The jury returned a verdict awarding plaintiff compensatory damages in the amount of $8,077,363 and awarding plaintiff's wife $400,000 on her derivative claim. Defendants appeal from the

separate judgments entered in April 2000 in favor of each plaintiff structuring the damages pursuant to CPLR article 50-B.

Contrary to the contention of defendants, Supreme Court did not abuse its discretion in denying their motion to vacate plaintiffs' notice fixing the date of the independent medical examination and to compel plaintiff to submit to such an examination (see, 22 NYCRR 202.17 [a]). Defendants allowed the scheduled date to lapse without conducting the examination and then waited over a year before bringing their motion. The court had the discretion to grant the motion if there was a showing of good cause for the delay and no prejudice to the plaintiffs (see, Leugemors v Slawinski, 255 AD2d 913, 914; Resnick v Seher, 198 AD2d 218). Even assuming a lack of prejudice and that discovery was stayed after October 24, 1997 pursuant to CPLR 3214 (b), we conclude that defendants failed to establish good cause for their delay in bringing the motion before then. Furthermore, the court properly considered that plaintiff previously had been examined five times by an orthopedic surgeon on behalf of third-party defendant in connection with a workers' compensation claim and that those reports were available to defendants.

We reject the contention of defendants that they were unduly prejudiced by five remarks made by plaintiffs' counsel in summation. We note that plaintiffs' counsel exceeded the bounds of legitimate advocacy by drawing an analogy between defendants and a murderer who tells the Judge, "I suggest you give me thirty days." Defendants, however, did not object to that comment, which was made in response to defendants' argument on summation that total damages are $1,000,000. Furthermore, although the court erred in permitting plaintiffs' counsel to argue that plaintiffs' damage claim "may seem like a lot of money, but I don't know of anybody [who] would take that money and say give me what * * * [plaintiff] has gone through and what he will go through" (cf., Boshnakov v Board of Educ. (277 AD2d 996, lv denied 96 NY2d 703), that error was not so egregious as to deny defendants a fair trial (see, CPLR 2002). Two of the remaining three remarks were made without objection, and the court properly sustained defendants' objection to the third remark, a veiled reference to insurance (see, Wilcox v Morrow, 226 AD2d 1077, 1078).

Defendants contend that the jury's awards of $1.5 million for 4½ years of past pain and suffering and $5.5 million for 25 years of future pain and suffering is excessive. We agree. Although plaintiff sustained serious injuries to his right femur,

spinal column, pelvis, and right knee and heel that cause continuous pain, he is able to walk with a cane, drive himself around town and do light work around the house. We conclude that the pain and suffering awards deviate materially from what would be reasonable compensation (*see*, CPLR 5501 [c]) and that $1 million for plaintiff's past pain and suffering and $2.5 million for plaintiff's future pain and suffering is the maximum amount that the jury could have found as a matter of law (*see*, *Boshnakov v Board of Educ.*, *supra*; *see generally*, *Hafner v County of Onondaga* [appeal No. 2], 278 AD2d 799).

We reject defendants' further contention that the award for future loss of society is excessive. There is no basis to distinguish that award from the award for past loss of society, which is not challenged on appeal.

We also conclude that the court properly denied the motion of defendants for a mistrial on the ground that they were prejudiced by the brevity of the deliberations on December 23rd. "The verdict of a jury is entitled to the strongest presumption of regularity in its resolution and formulation" (*Carolan v Altruda*, 17 AD2d 211, 213, *affd* 15 NY2d 1010), and the duration of deliberations alone provides no basis to set aside the verdict.

Further, we conclude that the court properly calculated the monthly payments during the first year of the annuity contract using the "annuity due" formula of plaintiffs' expert rather than the "traditional annuity" formula of defendants' expert. The "annuity due" formula is based on the premise that the first-year payment is due and owing as of the beginning of the year. Under the "traditional annuity" formula, it is assumed that no payment is due and owing until the end of the year. Future damages are "a debt owed entirely as of the date of the liability verdict," and "[t]he structured judgment schemes of articles 50-A and 50-B do not delay liability" (*Rohring v City of Niagara Falls*, 84 NY2d 60, 70).

We reject defendants' contention that the court, in calculating the present value of the annuity contract, abused its discretion by applying a discount rate in effect at the time of the verdict derived from the rate of return on United States treasury bonds (*see*, *Altmajer v Morley*, 274 AD2d 364, 366; *Abellard v New York City Health & Hosps. Corp.*, 264 AD2d 460, 461; *Karagiannis v New York State Thruway Auth.*, 209 AD2d 993, 994; *see also*, *Caruso v LeFrois Bldrs.*, 217 AD2d 256, 260). We also conclude that, in light of the significant delay between the date of the verdict and the entry of judgment, the court did not abuse its discretion in ordering defendants to

make an accelerated lump sum payment for annuity benefits owed plaintiffs from the date of the verdict through the entry of judgment (*see, Bermeo v Atakent,* 276 AD2d 361, 362; *Adamy v Ziriakus,* 254 AD2d 747).

Additionally, we conclude that the court properly denied defendants' motion brought pursuant to CPLR 4545 (c) to reduce the future loss of earnings and benefits award by the amount of Social Security disability benefits to which plaintiff may be entitled but for which he has not applied. "CPLR 4545 (c) is a statute enacted in derogation of the common law and, as such, is to be strictly construed * * * in the narrowest sense that its words and underlying purposes permit" (*Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81, 86). That section provides that, "[i]n order to find that any future cost or expense will, with reasonable certainty, be replaced or indemnified by the collateral source, the court must find that the plaintiff is legally entitled to the continued receipt of such collateral source, pursuant to a contract or otherwise enforceable agreement." Having never applied for Social Security benefits, plaintiff is not "legally entitled" to their "continued receipt."

We therefore reverse the judgment in appeal No. 4 and grant a new trial on damages for past and future pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for past pain and suffering to $1 million and for future pain and suffering to $2.5 million, in which event the judgment is modified accordingly and as modified affirmed.

All concur except Scudder and Kehoe, JJ., who dissent in part in the following Memorandum.

Scudder and Kehoe, JJ. (dissenting in part). We respectfully dissent in part. In our view, Supreme Court erred in summarily denying defendants' motion to reduce the award for future "loss of earnings and benefits" by the amount of Social Security disability benefits to which Thomas J. Young (plaintiff) may be entitled but for which he has not yet applied. Pursuant to CPLR 4545 (c), the court must consider whether "any such past or *future* cost or expense was or *will,* with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as * * * social security" (emphasis supplied; *see generally, Bryant v New York City Health & Hosps. Corp.,* 93 NY2d 592, 605-610). In our view, the statute does not require that plaintiff have applied for or currently be in receipt of such benefits in order for defendants to be entitled to an offset against a corresponding element of future damages. We note that the Court of Appeals in *Bryant* quoted from

a Governor's Program Memorandum (1985 NY Legis Ann, at 132) reciting that the statute authorizes the offset of future awards by " 'those sources of compensation that [*would*] with reasonable certainty, *be available* to the plaintiff *in the future*' " (*Bryant v New York City Health & Hosps. Corp., supra,* at 606 [emphasis supplied]). Elsewhere in its decision in *Bryant,* the Court of Appeals described the basic issue under the statute as whether "plaintiff has received or *will receive* compensation for injuries" from a collateral source (*Bryant v New York City Health & Hosps. Corp., supra,* at 606 [emphasis supplied]; *see also, Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81, 84 [noting that CPLR 4545 (c) authorizes the court to reduce plaintiff's award if any element of it "was or will be replaced, in whole or in part, from a collateral source"]). Further, the Court in *Bryant* rejected the argument that, "because Social Security is not provided pursuant to a 'contract or otherwise enforceable agreement,' the court, as a matter of law, cannot determine with the requisite 'reasonable certainty' that the *future* loss *will be* replaced or indemnified" (*Bryant v New York City Health & Hosps. Corp., supra,* at 609 [emphasis supplied]). The Court of Appeals thus suggested, in our view, that it is the vested statutory character of the benefits and the plaintiff's reasonably anticipatable entitlement thereto, and not whether the plaintiff has yet applied for such benefits or is currently in receipt of them, that is the pertinent issue under CPLR 4545 (c). Any other approach would in essence exempt a plaintiff from the consequences of his own dereliction in failing or refusing to apply for such benefits, or reward him for his guile in refraining from applying for such benefits until after he has obtained a judgment in the action. Such an approach also would defeat the Legislature's purposes in enacting the collateral source rule, which are to implement a scheme of more "just compensation," eliminate double recovery (past or future) for the same injury, and to stem rising defense and insurance costs (*see, Oden v Chemung County Indus. Dev. Agency, supra,* at 85-88). We therefore join the majority in reversing the judgment and conditionally granting a new trial but we also would reverse the order denying defendants' motion to reduce the award for future "loss of earnings and benefits" by the amount of social security disability benefits to which plaintiff may be entitled, and we would remit the matter to Supreme Court for a hearing to determine plaintiff's eligibility for and the amount of such benefits. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Damages.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.