■ JOHN D. TASSONE, JR., Respondent, v MID-VALLEY OIL COMPANY, INC., Appellant. [773 NYS2d 744]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 30, 2003 in Columbia County, upon a verdict rendered in favor of plaintiff.

Plaintiff, then 22 years old, sustained severe personal injuries when he fell from the roof of defendant's Xtra Mart store while installing a satellite communication system. A more thorough recitation of the underlying facts in this matter may be found in a prior decision of this Court (291 AD2d 623 [2002], lv denied 100 NY2d 502 [2003]), wherein the Court affirmed the dismissal of the third-party complaint against plaintiff's employer and af-

firmed a grant of summary judgment in favor of plaintiff on the issue of liability pursuant to Labor Law § 240 (1). Thereafter, trial was held on the issue of damages. The jury ultimately awarded plaintiff a total of $1,345,470 in past damages for pain and suffering, medical expenses and loss of income. The jury also awarded future damages in the amount of $2,125,367 for medical expenses, $4,264,578 for loss of income and $1 million for pain and suffering, for a total of $7,389,945. Supreme Court denied defendant's motions to set aside the verdict as contrary to the weight of the evidence and as excessive.

Thereafter, Supreme Court held a CPLR article 50-B hearing at which the parties' experts testified regarding, among other things, the selection of an appropriate discount rate. Supreme Court determined that the appropriate discount rate was 5.15% and judgment was entered accordingly. Defendant appeals and we now affirm.

Initially, defendant asserts that the jury's award for future loss of income was speculative and based upon inadequate proof. A plaintiff bears the burden of proving loss of wages, which must be established with reasonable certainty (*see Faas v State of New York*, 249 AD2d 731, 732-733 [1998]; *Johnston v Colvin*, 145 AD2d 846, 848-849 [1988]). Recovery is not limited to actual earnings before the accident and a plaintiff may introduce expert testimony assessing damages based upon future probabilities (*see Czerniejewski v Stewart-Glapat Corp.*, 269 AD2d 772, 773 [2000]; *Walsh v State of New York*, 232 AD2d 939, 941 [1996]; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 10 [1991]).

Here, in assessing lost future earnings, plaintiff's economist relied upon plaintiff's age and income level at the time of the accident, the normal work-life expectancy for an individual in plaintiff's profession, plaintiff's work experience and track record as a hard worker, his extensive training in electronic communications while in the Army, a letter from his employer regarding plaintiff's employment prospects, his acceptance into the union at the third highest electrical union rating, testimony from a rehabilitation counselor that plaintiff would have reached "journeyman status" in the union, and the projected salary of a journeyman electrician with a 4% increase per year for inflation. The economist concluded that plaintiff's loss of future income was approximately $5 million. Given the economist's testimony, the evidence upon which he relied and the reasonable assumptions which he drew from that evidence, we cannot say that the jury's award of $4,264,578 for future loss of income "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Laguesse v Storytown U.S.A.*, 296

AD2d 798, 801 [2002]; *Walsh v State of New York, supra* at 941).

Although defendant now asserts that the economist improperly relied upon inadmissible hearsay in the form of a letter from plaintiff's employer describing plaintiff's potential for advancement, this argument is unpreserved inasmuch as defendant failed to raise its objection before Supreme Court. Morever, were we to address defendant's argument in the interest of justice, we would reject it as meritless. "[A]n expert may rely on out-of-court material if 'it is of a kind accepted in the profession as reliable in forming a professional opinion' " (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726 [1984], quoting *People v Sugden*, 35 NY2d 453, 460 [1974]; *see Greene v Xerox Corp.*, 244 AD2d 877, 878 [1997], *lv denied* 91 NY2d 809 [1998]). Here, the expert's uncontested testimony at trial was that the letter was the type of document relied upon in the field of economics to determine loss of future income. Indeed, defendant asked the expert to read portions of the letter at trial. Accordingly, defendant cannot now be heard to challenge the letter as unreliable (*see Greene v Xerox Corp., supra* at 878).

We further reject defendant's argument that Supreme Court erred in using 5.15% as a discount rate in determining the present value of the required annuity contract that will provide payment of a portion of the future damages in periodic installments (*see* CPLR 5041 [e]). Defendant asserts that the 5.15% rate is based on an investment plan—in which the economist averaged the yield for 3-month, 6-month, 10-year and 30-year United States Treasury securities adjusted upward to account for an abnormally low rate on the short term securities—that is too conservative. Defendant urges instead that the interest rate should be based upon a mix of conservative investment-grade securities, such as an average of 30-year treasury bonds with telephone bonds at different maturities, short and long term, yielding a rate of 6.6%. We note that the statute does not mandate the use of any particular discount rate (*see* CPLR 5041 [e]; *Bermeo v Atakent*, 276 AD2d 361, 362 [2000]) and that long-term treasury bond rates are an appropriate basis for calculating discount rates (*see e.g. Altmajer v Morley*, 274 AD2d 364, 366 [2000]; *Abellard v New York City Health & Hosps. Corp.*, 264 AD2d 460, 461 [1999]; *Karagiannis v New York State Thruway Auth.*, 209 AD2d 993, 994 [1994]). Given that the yield on a 30-year treasury bond was 5.577% at the time of the award and "the majority of the award [was] to be invested in long-term annuities" (*Karagiannis v New York State Thruway Auth., supra* at 994), we cannot say that Supreme Court abused

its discretion in applying a discount rate of 5.15% (*see Caruso v LeFrois Bldrs.*, 217 AD2d 256, 260 [1995]; *see also Liriano v Hobart Corp.*, 960 F Supp 43, 45-46 [1997]).

We have considered the parties' remaining arguments and conclude that they are either unpreserved for our review or lacking in merit.

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.