■ LeeAnn Lahren et al., Appellants, v Boehmer Transportation Corp. et al., Respondents. (Appeal No. 1.) [856 NYS2d 363]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by LeeAnn Lahren (plaintiff) in a motor vehicle accident. Defendants conceded liability and, following a trial on damages, the jury awarded plaintiffs damages for past and future medical expenses, past and future household expenses, past and future pain and suffering, and past loss of consortium. Supreme Court denied plaintiffs' post-trial motion to set aside that part of the jury verdict awarding future damages and awarding no damages for future loss of consortium and granted that part of defendants' post-trial motion for a collateral source offset with respect to the award for future medical expenses. We note at the outset that, although defendants' post-trial motion also sought a collateral source offset for past "medical/household" expenses, the court's decision indicates that the parties stipulated to an offset for those expenses.

In support of their post-trial motion, plaintiffs contended, inter alia, that the court erred in admitting a surveillance videotape in evidence. The record establishes, however, that plaintiffs stipulated to its admission in evidence at trial, and plaintiffs thus are deemed to have waived any contention with respect to it (*see generally Matter of James Jerome C. v Mary Elizabeth J.*, 31 AD3d 1184, 1184-1185 [2006]; *Wittman v Wittman*, 302 AD2d 914 [2003]). Plaintiffs also contended in support of their post-trial motion that the court erred in permitting defendants' attorney to cross-examine plaintiff concerning the amount paid for rent on her home. We reject that contention. Although evidence of a party's wealth generally is not admissible (*see generally Laidlaw v Sage*, 158 NY 73, 103 [1899]; *Rupert v Sellers*, 48 AD2d 265, 269 [1975]), the question at issue herein was not an inquiry solely into plaintiff's wealth. Rather, the question was relevant to establish that plaintiff had the financial ability to move to a more appropriate single-floor residence in order to accommodate her alleged disabilities resulting from the motor vehicle accident, thereby mitigating her damages.

Plaintiffs failed to preserve for our review their further contention in support of their post-trial motion that the court erred in requiring their attorney to limit his direct and re-direct examination of plaintiff's doctor to 30 minutes inasmuch as they failed to register an objection thereto at trial (*see* CPLR 5501 [a] [3]), and their post-trial motion does not preserve that contention for our review (*see Andrew v Hurh,* 34 AD3d 1331 [2006], *lv denied* 8 NY3d 808 [2007]; *Heraud v Weissman,* 276 AD2d 376, 377 [2000], *lv denied* 96 NY2d 705 [2001]). In addition, "[b]y not raising an objection to the verdict before the jury was discharged, plaintiff[s] failed to preserve for our review [their] contention that the verdict is inconsistent" (*McEwen v Akron Fire Co.,* 251 AD2d 1044 [1998]).

Insofar as plaintiffs relied in support of their post-trial motion on evidence concerning the necessity for future household, medical and rehabilitative services, that evidence was contested, as was the evidence that plaintiff would require two future surgeries. Additionally, the testimony of plaintiff and her husband that plaintiff would be unable to partake in many of the recreational activities that she enjoyed before the accident was belied by the surveillance evidence. We conclude on the record before us that the award for future damages does not deviate materially from what would be reasonable compensation (*see generally* CPLR 5501 [c]; *Ramos v Ramos,* 234 AD2d 439 [1996]), and that the failure to award damages for future loss of consortium is not against the weight of the evidence (*see generally Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Phelinger v Krawczyk,* 37 AD3d 1153, 1154 [2007]).

Lastly, the court properly granted that part of defendants' motion for a collateral source offset for the award of future medical expenses. "CPLR 4545 (c) authorizes the court in a personal injury action to reduce the amount of the plaintiff[s'] award if it finds that any element of the economic loss encompassed in the award was or will be replaced, in whole or in part, from a collateral source" (*Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81, 83-84 [1995]). In reducing the amount of the award, the court must find that "any such cost or expense was or will, with reasonable certainty, be replaced or indemnified . . . from [the] collateral source" (CPLR 4545 [c]; *see Caruso v LeFrois Bldrs.,* 217 AD2d 256, 258-259 [1995]). Here, the jury awarded plaintiffs $71,106.49 for future medical expenses, and the parties stipulated that plaintiff had $175,000 in available no-fault automobile insurance coverage and was previously paid the sum of $38,310.17 by her no-fault carrier. The "no-fault claim analyst" assigned to plaintiff's file by

plaintiff's no-fault insurance carrier testified at the collateral source hearing that the carrier would continue to reimburse plaintiff for any medical expenses that it found to be medically necessary and causally related to the accident. Implicit in the award of damages for future medical expenses was the jury's finding that the entire award was for expenses that will be medically necessary and causally related to the accident. Thus, "[t]his is not a case where it is unclear whether plaintiff would be eligible for collateral source payments" (*Caruso*, 217 AD2d at 259). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.