IRENE M. KING, as Administratrix of the Estate of DONALD A. KING, Deceased, et al., Plaintiffs, *v.* ANTHONY LIOTTI et al., Individually and as Copartners Doing Business under the Name of TAMI, Defendants.

Supreme Court, Special Term, Queens County, October 1, 1947.

*Charles Margett* for plaintiffs.

*James F. Hart* for defendants.

KADIEN, J. In an action for wrongful death alleged to have resulted when a rowboat on Long Island Sound, which the decedents occupied, was struck by a motor boat owned and operated by the defendant, Liotti, plaintiffs move, pursuant to rule 109 of the Rules of Civil Practice, to strike out the second and third partial defenses asserted in the answer on the ground that they are, on the face thereof, insufficient in law. These defenses read as follows: "2. That the value of the aforesaid motorboat 'Tami', at the time of the occurrence mentioned and described in the complaint, was Twenty-Three Thousand ($23,000.00) Dollars, and the amount or value of the interest of the defendant, Anthony Liotti, in the said motorboat 'Tami', at the said time, did not exceed the said sum of Twenty-Three Thousand ($23,000.00) Dollars.

"3. That by reason of the premises aforesaid, and by virtue of the Act of Congress of March 3, 1851, known as the Limited Liability Act, Revised Statutes, 4283, *et seq.*, Title 46, U. S. Code, Section 183, *et seq.*, and the various Acts of Congress amendatory thereof and supplemental thereto, the liability of the defendant, Anthony Liotti, for the matters and things complained of in the complaint does not exceed the sum of Twenty-Three Thousand ($23,000.00) Dollars."

There is no doubt that under section 183 of title 46 of the U. S. Code, the liability of any owner of a vessel for loss or damage including personal injury and death, is limited to the amount or value of the interest of such owner in the vessel, where the liability is incurred "without the privity or knowledge of such owner." The complaint herein shows, and it is indeed admitted, that the defendant Liotti, was the owner of the motorboat in question and the operator thereof at the time of the accident. The recovery, if any, must be predicated upon the

facts pleaded in the complaint, or not at all (*Cohen* v. *City of New York*, 283 N. Y. 112, 117), and in this case the plaintiffs can recover only upon the admitted fact that the defendant, Liotti, owned and *operated* the vessel. That being the case, the defenses here challenged, are inapplicable for the statute authorizing them was intended to reduce the imputed liability of vessel owners and not where, as here, the vessel owner, *himself*, is charged with being guilty of the acts of negligence which caused the accident.

It follows that the defenses are insufficient in law and the motion to strike them is granted. The present answer may be marked with respect to the order to be entered hereon.

Submit order.