Petition of Lewis H. **FOLLETT** and Nora B. Follett, Husband and Wife, for Exoneration from or Limitation of Liability as Owners of THE Motorboat LITTLE BAYOU II.

No. 2038.

United States District Court
S. D. Texas,
Galveston Division.

Sept. 5, 1958.

John C. Henderson, Lewis H. Follett, and A. R. Mason, Angleton, Tex., and Dan H. Hinds, Houston, Tex., for petitioners.

W. Sears McGee, Houston, Tex., for respondents.

CONNALLY, District Judge.

A petition for exoneration from or limitation of liability was filed in Admiralty pursuant to Title 46 U.S.C.A.

§§ 183 to 189, by Lewis H. Follett and Nora B. Follett, his wife, as owners of the motorboat Little Bayou II.

The petition alleges that on March 23, 1958, the Little Bayou II was involved in a collision with a certain speedboat; that two State court actions have been commenced against Lewis H. Follett, claiming damages in the aggregate sum of $207,490, by virtue of the alleged collision; that the collision occurred without the fault, privity or knowledge of the petitioners, and that the motorboat's value following the collision did not exceed $3,600.

This Court, upon receipt of the petition, issued an order staying and restraining further proceedings in the pending State court suits, and ordered a monition against all persons to file their claims against the petitioners in this proceeding alone.

Respondents, plaintiffs in one of the pending State Court actions, have moved that the petition be dismissed, and that the restraining order and monition be dissolved and vacated. The primary ground on which the motion is based is that the Limitation of Liability Act is not applicable where the vessel owners were in complete charge and control of their boat, and the respondents assert such fact is shown by the record.

Petitioners, on the other hand, deny that such fact appears in their petition or in any other competent portion of the record, and contend that even if such were true this Court is obligated to retain jurisdiction and to settle all claims here.

■ Title 46 U.S.C.A. § 183, reads, with certain omissions, as follows:

"The liability of the owner of any vessel * * * for any loss, damage or injury by collision, or for any act * * * done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not * * * exceed the amount or value of the interest of such owner in such vessel * * *."

Though the meaning of "privity or knowledge" as used in the statute has been the subject of considerable speculation and discussion, there is now ample authority to support the view that the owner who operates his own pleasure craft is not entitled to limit, as any occurrence would clearly be with his privity or knowledge.[1]

■ It is undisputed that petitioners were both on board their small motorboat at the time of the collision. No other party was alleged to have been with them, either as pilot or passenger. Follett testified in the Coast Guard hearing that he was operating his vessel, and in charge of her. He has not denied it here, though being careful throughout not to admit it. This being the case, I find that the petitioners are not entitled to the benefits of having their liability (if such be found) limited to the value of their interest in the vessel.

There remains petitioners' contention that even though limitation of liability be denied, this Court *must* retain exclusive jurisdiction of the case and adjudicate all claims arising out of the voyage in question. Considerable authority in the lower federal courts supports this proposition.[2]

■ While this Court has jurisdiction to retain the case, and to settle all claims where the equities require it, this course is not a required one.[3] Where, as here, respondents desire to pursue common law remedies, and the right to

1. Petition of Davis, 1950 A.M.C. 1028 (N.D.Cal.1950); King, Adm'r v. Liotti, 190 Misc. 652, 76 N.Y.S.2d 98, 1948 A.M.C. 476; and see Petition of H. & H. Wheel Service, Inc., 6 Cir., 1955, 219 F.2d 904, 1955 A.M.C. 1017.

2. In re Taylor, D.C.E.D.Mo.1949, 82 F. Supp. 268; The Four Sisters, D.C.Mass. 1947, 75 F.Supp. 399; The Wichita Falls, D.C.S.D.Tex.1936, 15 F.Supp. 612; The James Horan, D.C.N.Y.1935, 10 F.Supp. 363.

3. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 1927, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612.

limit, as conferred by statute, is not infringed, this Court may, in its discretion, permit them to do so.[4]

■ As petitioners are not entitled to limit their liability, no useful purpose would be served by retaining jurisdiction. To do so would deny claimants their rights under common law remedies, including jury trials, without protecting any established right of the petitioners.

The restraining order and monition heretofore issued are dissolved and vacated. The petition for exoneration from or limitation of liability is dismissed.

Clerk will notify counsel.

---

4. Lake Tankers Corp. v. Henn, 1957, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246; 63 Stat. 101, 28 U.S.C.A. § 1333.