**Joseph A. NUCCIO**

v.

**ROYAL INDEMNITY COMPANY.**

**No. 6342.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 23, 1968.

John H. Brooks, New Orleans, La., for plaintiff.

Paul V. Cassisa, New Orleans, La., for defendant.

MITCHELL, District Judge.

Libelant, Joseph A. Nuccio, sued respondent, Royal Indemnity Company, for damages as a result of injuries he allegedly sustained while on board the Motor Vessel *Pintail,* which was owned by respondent's assured, Daniel Arceneaux. The *Pintail* is an eighteen foot wooden cabin cruiser, propelled by two thirty-five horsepower outboard motors.

On January 13, 1963, libelant was a member of a party of five men aboard the *Pintail* who were returning from a rabbit hunt in the Louisiana marshes.

The *Pintail,* with her owner, Daniel Arceneaux at the helm, was proceeding on Bayou La Loutre, a navigable stream, at full throttle at a speed of approximately twenty-five miles an hour.

Desiring to go below into the cabin, Arceneaux directed Carl Dieck, Jr., another member of the hunting party, to

take the helm and operate the vessel. Dieck was unfamiliar with the operation of the *Pintail*, which fact Arceneaux knew or should have known. As the *Pintail* approached a bend in the bayou, Dieck momentarily lost control of her and, with throttles full ahead, she crashed into the bank of the bayou. The collision hurled libelant, Joseph A. Nuccio, who was in the cabin, violently forward, causing his head to strike a ¾ inch plywood dashboard with such force that the board was shattered, cutting his forehead so badly that it has left a disfiguring scar at least four inches long. Additionally, Nuccio sustained hyperextension injuries to his cervical spine from which, five years after the accident, he is still experiencing discomfort.

The evidence is clear that libelant was without fault.

■ This libel is for personal injuries occurring on navigable waters of the United States and, therefore, this court has jurisdiction.[1]

■ Libelant was a guest passenger of the *Pintail's* owner, and respondent's assured owed libelant the duty of exercising reasonable care under the circumstances.[2] However, respondent's insured did not warrant to libelant the seaworthiness of the vessel[3] and it is, therefore, necessary that libelant prove negligence on the part of respondent's assured in the operation of the vessel.

■ Libelant has borne such burden of proof by demonstrating to the satisfaction of the Court that respondent's assured, Daniel Arceneaux, failed to exercise reasonable care when he delegated the duty of operating the *Pintail* to an inexperienced person.

■■ It is hornbook law that when a moving vessel strikes a stationary object an inference of negligence arises and the owner of the vessel then has the burden of rebutting such inference.[4] This respondent has failed to do.

■ The defense of limitation of liability is also unavailable to respondent because this accident occurred within the full privity of its assured.[5] When respondent's assured entrusted the operation of the *Pintail* to an inexperienced person, he destroyed any defenses which he might have had relative to limitation of liability.

■ It is the judgment of this Court that libelant is entitled to recover from respondent, Royal Indemnity Company, damages in the amount of $10,000, together with costs and legal interest from the date of judgment until paid. Let judgment be entered accordingly.

1. The Plymouth, 3 Wall. 20, 70 U.S. 125, 18 L.Ed.2d 125 (1865); 28 U.S.C. § 1333.

2. Kermarec v. Compagnie Generale Trans-Atlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); The Fidelity & Casualty Company of New York v. C/B Mr. Kim, 345 F.2d 45 (CA 5–1965).

3. Talton v. United States Lines, D.C., 203 F.Supp. 17; Kermarec v. Compagnie Generale Trans-Atlantique, supra.

4. Patterson Terminals, Inc. v. S/S Johannes Frans, 209 F.Supp. 705 (ED Penn.–1962).

5. In Re Follett's Petition, 172 F.Supp. 304 (SD Tex.–1958).