■ JO-ANN POLLOCK et al., Respondents-Appellants, v BONNIE F. COLLIPP et al., Appellants-Respondents

The deceased infant in this matter, Matthew Pollock, was a 12-year-old boy who suffered fatal injuries on July 14, 1980 when a sailboat upon which he was a passenger capsized, causing him to be exposed to extremely cold water for approximately 50 to 55 minutes before being rescued. At the time of the accident, the decedent was enrolled in a summer camp on Foster's Island in the State of Maine which was owned by the defendant Christian Outpost Island, Inc. (hereinafter Christian Outpost) and operated by its sole stockholders, the defendants Bonnie F. Collipp and Platon Jack Collipp (hereinafter the Collipps).

At approximately 1:00 P.M., on July 13, 1980, the decedent, three other campers and a camp counselor set out on a boat

owned by the Collipps to sail around Foster's Island. The weather was fair and there was a slight wind. None of the boat's occupants wore a life jacket. Nor was the sailboat monitored by a spotter on the shore. About 15 or 20 minutes after setting out, a gust of wind caught the sail as the boat was being maneuvered away from some rocks in the water, causing the boat to capsize and throwing its occupants into the icy water. The camp counselor and two of the campers succeeded in retrieving and donning life jackets which were strapped in the bottom of the capsized boat and they proceeded to swim towards the shore. The decedent and one of the other campers were left stranded at the capsized boat. The decedent was unconscious when pulled into the rescue boat and later pronounced dead as a result of hypothermia.

At the trial, the plaintiffs' expert, David Askinasi, who was a camp director for 22 years and fully familiar with Red Cross regulations as to proper boating procedures, testified that the Red Cross regulations required that *every* passenger aboard a sailboat wear a life preserver. He further testified that proper safety procedures required that a spotter be posted on shore to observe the sailboat in order to render immediate assistance if necessary.

The camp directors, Daniel and Thomas Collipp, sons of the Collipps, both testified that a camp rule requiring all campers to wear life jackets while on board a boat was not enforced.

At the conclusion of the trial, the jury rendered a special verdict in favor of the plaintiffs. The first question was whether any employee of Christian Outpost had been negligent. The jury was further instructed that if its answer was yes, it was to determine whether such negligence was the proximate cause of Matthew Pollock's death. The court's final instruction was that if the jury answered the first two questions in the affirmative it was then to determine whether the Collipps, as owners of the sailboat, had actual or constructive knowledge of the negligent acts which the jury found to be the proximate cause of Matthew's death. The jury unanimously responded in the affirmative to all three questions. On the issue of damages, the jury awarded the plaintiffs $350,000 for Matthew's conscious pain and suffering, and $3,574.19 for funeral expenses, but declined to make an award for pecuniary loss as a result of the wrongful death.

Both the plaintiffs and the defendants immediately moved to set aside the verdict. The trial court denied the motions. This appeal and cross appeal ensued.

We conclude that the jury's determinations as to liability were supported by a "fair interpretation" of the evidence (see, Nicastro v Park, 113 AD2d 129, 134; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 439). With respect to Christian Outpost, the evidence adduced at the trial was sufficient to support the jury's finding that its employees failed to exercise reasonable care in providing for the safety of its campers. In addition, we find that there was sufficient evidence for the jury to find that the Collipps had personal knowledge of Christian Outpost's failure to adhere to proper safety standards. A vessel owner is personally liable for the negligence of a person who uses the vessel with his permission, if the owner has "privity or knowledge" of the acts of negligence which caused the accident (see, King v Liotti, 190 Misc 652; see generally, 11 NY Jur 2d, Boats, Ships, and Shipping, § 73, p 98, et seq.; cf. 46 USC § 183 [a]).

We further conclude that the jury's award of damages on the issue of conscious pain and suffering was excessive to the extent indicated.

The parties' remaining contentions have been considered and found to be without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.