■ GWENDOLYN O. VAN NORDEN, Individually and as Corepresentative of the Estate of ELSIE S. OLSON, Deceased, and Another, et al., Respondents, v STEPHEN P. KLITERNICK et al., Appellants, et al., Defendants.—Judgment, Supreme Court, New York County (Edward H. Lehner, J., and a jury), entered October 31, 1990, in favor of plaintiff Estate of Elsie Sward Olson and against defendants in the amount of $456,950, inclusive of interest, in favor of plaintiff Estate of Raymond Olson and against defendants in the amount of $104,400, inclusive of interest, and in favor of plaintiff Gwendolyn Olson Van Norden and against defendants in the amount of $262,236.82, inclusive of interest and costs, is unanimously affirmed, with costs.

The action arises out of a tragic motor vehicle accident at LaGuardia Airport that resulted in the death of Elsie Sward Olson and injury to her husband, Raymond Olson, in the presence of their daughter, Gwendolyn Olson Van Norden.

Upon examination of the record, we find that the $100,000 jury award for the pain and suffering of Raymond Olson was neither excessive *(compare, Perrone v City of New York,* 140 AD2d 594) nor inconsistent with the weight of the credible evidence, which established that Mr. Olson, as a result of the accident, suffered a fractured tenth rib, a laceration of the skull, multiple bruises about his entire body and was in extreme pain during the weeks following the accident.

Similarly, the $300,000 award for the conscious pain and suffering of Elsie Olson *(compare, Johnston v State of New York,* 127 AD2d 980, *lv denied* 69 NY2d 611) was supported by the expert medical testimony of Dr. Michael Baden, which established that as a result of her massive injuries, Mrs. Olson was conscious and in severe physical pain for approximately five hours before she died.

In addition, the $100,000 award for the wrongful death of Elsie Olson, which the trial court had reduced from $600,000 premised upon her husband's deprivation of her extensive homemaking services for the 15 months that he lived after the accident, was justified by the testimony of her surviving next of kin that she devoted herself to caring for her husband over their 58-year marriage by doing the laundry, cleaning, ironing, cooking, shopping and entertaining *(Gonzalez v New York City Hous. Auth.,* 77 NY2d 663).

Finally, there was sufficient evidence that the decedents' daughter, Gwendolyn Olson Van Norden, had been exposed to an unreasonable risk of bodily injury or death, and suffered a serious emotional disturbance as a result of observing her parents' injuries, so as to justify the $250,000 award for emotional distress *(Bovsun v Sanperi,* 61 NY2d 219). The jury award does not deviate materially from what would be reasonable compensation for similar injuries (CPLR 5501 [c]).

We have reviewed defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.