■ ANDREAS DONTAS, Individually and as Administrator of the Estate of NICHOLAS DONTAS, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants.—In an action, inter alia, to recover damages for the wrongful death of the plaintiff's decedent, the defendants appeal from stated portions of a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered December 21, 1989, which, inter alia, upon a jury verdict finding them 100% at fault in the happening of the accident, is in favor of the plaintiff and against them in the principal amounts of $4,000,000 on the cause of action to recover damages for wrongful death and $2,000,000 on the

cause of action to recover damages for conscious pain and suffering.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, the first, second, and third decretal paragraphs thereof are deleted, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for wrongful death from $4,000,000 to $300,000 and to reduce the verdict as to damages for conscious pain and suffering from $2,000,000 to $50,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's decedent, Nicholas Dontas, drowned in the swimming pool located at the high school that he attended. He was 16 years old at the time and was found in the pool shortly after a swimming class had ended. On appeal, the defendants assert that the award for conscious pain and suffering was against the weight of the evidence and that the monetary amounts awarded were excessive.

We do not agree that the jury's implicit finding that the decedent sustained conscious pain and suffering was against the weight of the evidence. The school's swimming instructor testified that he attempted to apply artificial respiration immediately after Dontas was retrieved from the pool, but that Dontas' jaw and teeth were clenched so tightly that artificial respiration had to be administered through his nose. With respect thereto, the plaintiff's expert testified that a drowning victim will clench his jaw in order to prevent water from entering his mouth and that this action is motivated by fear. We find that the jury could reasonably conclude from this testimony that Dontas was conscious for a period of time as he was drowning. However, we find that the monetary award for conscious pain and suffering was excessive to the extent indicated in view of the fact that the experts from both sides indicated that a drowning victim would lose consciousness in just a few minutes.

We also find that the $4,000,000 award for wrongful death was excessive. Although the decedent in this case provided extensive services to his family and contributed monetary support to the household, the award far exceeds any reason-

able value which could be assigned to those lost services and financial contributions, and is excessive to the extent indicated. Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.