■ PATRICK HIGGINS, Individually and as Administrator of

the Estate of BRYAN O. HIGGINS, Deceased, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [596 NYS2d 479] —Mikoll, J. P. Cross appeals from a judgment in favor of claimant, entered November 14, 1991, upon a decision of the Court of Claims (Lyons, J.).

Claimant's 20-year-old son, a sophomore attending the State University of New York at Albany, died when he was electrocuted shortly after running into a lake on campus due to the State's conceded negligence in allowing the lake to become charged with electricity. The Court of Claims found that his death by electrocution was not instantaneous. There was evidence that decedent, who was active in sports and in excellent physical condition, was shocked by the electric current upon entering the water, swam to the surface of the water, briefly raised his hand up and then sank below the surface, never again to appear alive. Witnesses saw air bubbles come up through the water about a minute after he went under the water the second time. Witnesses also reported hearing him yell for help before submerging.

Decedent apparently received the lethal dose of electricity that caused his death when his left foot stepped upon an electrical conduit. A pathologist presented by claimant as an expert witness estimated that decedent was alive under the water for two or three minutes. Decedent did not ingest water into his lungs, however, and did not die from drowning. Decedent's foot was burned, indicating that it had come in contact with an electrically charged pipe or conduit under the water. There was testimony from another youth, who had followed decedent into the water, that the youth, suffered shock and incapacity from the electricity in the water, but was close enough to the shore to be pulled from the lake and saved.

The State appeals the judgment in favor of claimant, claiming the awards of $100,000 for conscious pain and suffering and of $65,000 for pecuniary loss were excessive and should be reduced. Claimant cross-appeals, seeking an increase in the amount awarded for pecuniary damages. In our view, the awards should not be disturbed and the judgment should be affirmed.

The Court of Claims could properly conclude that decedent experienced severe conscious pain and suffering, including contemplation of death for minutes, due to the effect of the electricity in his body which first rendered him unable to escape from the water, then caused him to come in contact

with a more intense source of the electricity and eventually caused his death by electrocution *(see, Grcic v City of New York,* 139 AD2d 621, *lv denied* 73 NY2d 702; *Pollock v Collipp,* 124 AD2d 647, 649).

There was also sufficient evidence of decedent's pecuniary value to his parents to warrant the award for pecuniary damages. Decedent was shown to be a faithful, loving and caring son who worked one summer in his father's construction business without pay, rendering services valued at $600 per week. He regularly did household chores around the house, including mowing the lawn. He also earned money shoveling snow part time. Additionally, decedent was described as having a caring relationship with his brother John, who had a learning disability, tutoring him and assisting him with school even after decedent began college. The evidence indicated that decedent was a comfort and help to the family. In view of the financial worth of the contributions that decedent made to his family, the pecuniary damage award cannot be said to be unfair and should not be disturbed *(see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663; *see also, Cassar v Central Hudson Gas & Elec. Corp.,* 134 AD2d 672, 675; *Regan v Long Is. R. R. Co.,* 128 AD2d 511).

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.