■ Julius Glassman, as Executor of the Estate of Judith Glassman, Deceased, Respondent, v City of New York, Appellant, et al., Defendants. [640 NYS2d 139]

This action arises from an automobile accident in April 1989 at the intersection of Clintonville and 160th Streets in Whitestone, Queens. The cars driven by the defendants Emil Schnell and Mary Marrone Archer collided, causing Schnell's car to strike the plaintiff's decedent, who was standing on a traffic island. The plaintiff alleged that the appellant was negligent because it failed to promptly repair the stop sign controlling the southbound traffic on 160th Street, the direction in which Archer's vehicle was travelling. The stop sign had been knocked down several days before the accident, and it had not yet been repaired on the day of the accident. The appellant, while acknowledging some culpability, contends that the jury's finding that it was 90% at fault in the happening of the accident is against the weight of the evidence. We agree.

While apportionment of liability among defendants is gener-

ally a matter for the jury *(see, Rhoden v Montalbo,* 127 AD2d 645), we find that neither Schnell nor Archer exercised the degree of caution that the conditions at the scene of the accident demanded. Thus, the jury's apportionment of fault was not based on a fair interpretation of the evidence *(see, Cruz v City of New York,* 201 AD2d 606; *Nicastro v Park,* 113 AD2d 129). Accordingly, a new trial is necessary on this issue.

We also agree with the appellant that the award of damages for the decedent's conscious pain and suffering is excessive to the extent indicated. While the decedent suffered massive injuries, she was only minimally conscious before she died *(see, Dontas v City of New York,* 183 AD2d 868; *Van Norden v Kliternick,* 178 AD2d 167; *Torelli v City of New York,* 176 AD2d 119). The award of damages for wrongful death to the decedent's three adult daughters is also excessive to the extent indicated *(see, Rubin v Aaron,* 191 AD2d 547).

We have examined the appellant's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.