■ MARY MILLER, as Administratrix of the Estate of WILLIAM MILLER, Deceased, Respondent, v JOSEPH W. SANTORO, JR., Appellant. [643 NYS2d 168] —In an action to recover damages for wrongful death, the defendant appeals from a judgment of the Supreme Court, Queens County (Smith, J.), dated

December 23, 1994, which, upon a jury verdict, finding the decedent 50% at fault in the happening of the accident and awarding the plaintiff $450,000 for conscious pain and suffering (including $250,000 for conscious pain and suffering which occurred at the time of the accident), and $101,468.83 for pecuniary damages (including $93,943.63 for medical expenses), (1) is in favor of the plaintiff and against the defendant in the principal sum of $275,734.43 ($551,468.83 reduced by 50%), and (2) calculated interest on the conscious pain and suffering award from the date of death.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering which occurred at the time of the accident from the sum of $250,000 to the sum of $100,000, reduce the verdict for pecuniary damages from the sum of $101,468.83 to the sum of $7,525.20, and the net award of damages to the plaintiff from the sum of $275,734.43 to the sum of $153,762.60 ($307,525.20 reduced by 50%), and to the entry of an amended judgment with interest on the award for conscious pain and suffering from June 17, 1994, the date of the verdict. In the event the plaintiff so stipulates the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

"It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury" (*Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478). Only where the award "deviates materially from what would be reasonable compensation" can a new trial be granted (CPLR 5501 [c]). On this record we find that the jury verdict with regard to conscious pain and suffering sustained by the plaintiff at the time of the accident "deviate[ed] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, e.g., Higgins v State of New York,* 192 AD2d 821; *Dontas v City of New York,* 183 AD2d 868). Moreover, as a matter of law, the provision of the judgment which awarded the plaintiff $46,971.82 for medical expenses as part of the award for pecuniary losses must be reduced to zero, as conceded by the plaintiff, because the first $50,000 in medical expenses constitutes basic economic loss, which is not recoverable (*see, Ellis v Johnson Motor Lines,* 198

AD2d 258; Insurance Law § 5102 [a] [1]). Accordingly, only the award of $7,525.20 for funeral expenses is recoverable as pecuniary damages.

Finally, as the plaintiff concedes, the judgment appealed from erroneously awards preverdict interest on the award of damages for conscious pain and suffering (*see, Chase v New York City Tr. Auth.*, 121 AD2d 425). Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.