■ TEODORO GARCIA et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [646 NYS2d 694] —In an action to recover damages, *inter alia,* for wrongful death, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), entered February 23, 1995, as, upon a jury verdict awarding $200,000 for conscious pain and suffering, $1,200,000 for wrongful death, $1,000,000 for loss of maternal care for the decedent's son, and $1,500,000 for loss of maternal care for the decedent's daughter, is in favor of the plaintiffs and against the defendants in the principal sum of $3,900,000.

Ordered that the judgment is modified, on the facts and as a

matter of discretion, by deleting the provisions thereof which awarded damages for wrongful death and loss of maternal care to the decedent's son and daughter and substituting therefor a provision severing the plaintiffs' causes of action as to those damages and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellants, unless within 30 days after service upon them a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for wrongful death from the sum $1,200,000 to the sum $800,000 ($328,000 for past damages and $472,000 for future damages), for loss of maternal care and guidance to the son from the sum of $1,000,000 to the sum of $750,000, and for loss of maternal care and guidance to the daughter from the sum of $1,500,000 to the sum of $850,000, and to the entry of an appropriate amended judgment in their favor; in the event that the plaintiffs so stipulate then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

In March 1984, Gloria Garcia, a 42-year-old homemaker, was admitted as a patient at Coney Island Hospital for exploratory surgery and a total abdominal hysterectomy. As part of the preoperative procedure, Dr. Rahmo Hanono, the anesthesiologist, administered medication (pentothal, innovar, valium, and succinycholine) to paralyze all the muscles within Garcia's body except her heart. As a result of the medication, Garcia was unable to spontaneously breathe and Dr. Hanono therefore needed to intubate and connect Garcia to a respirator.

On the day prior to the operation, Dr. Hanono had been approached by a third-year medical student, known only by the name "George", who asked if he could perform the intubation under the doctor's supervision. Under Dr. Hanono's supervision "George" inserted an endotracheal tube into Garcia's throat. However, the endotracheal tube was not placed in the trachea, but rather was lodged in Garcia's esophagus.

Within minutes of intubating Garcia, she suffered "bradycardia" whereby her pulse rate slowed to approximately 35 beats per minute. In less than a minute, Garcia also began to experience hypotension (low blood pressure). Dr. Hanono then removed the endotracheal tube, but Garcia went into cardiac arrest. By the time Garcia was stabilized she had suffered brain

damage and was in a coma. Garcia thereafter languished in a comatose state over the next several days until she was declared brain dead and died.

Under these facts we find that the award for conscious pain and suffering was proper. However, the pecuniary damage awards for wrongful death and loss of parental care and guidance to the decedent's children deviate materially from what would be reasonable compensation (*see, Glassman v City of New York*, 225 AD2d 658; *Facilla v New York City Health & Hosps. Corp.*, 221 AD2d 498; *Plotkin v New York City Health & Hosps. Corp.*, 221 AD2d 425).

We find no merit to the appellants' remaining contention. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.