■ VINCENZO DONOFRIO, as Administrator of the Estate of MICHAEL DONOFRIO, Deceased, et al., Appellants, v PIETRO MONTALBANO, Respondent. [659 NYS2d 484] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 27, 1996, which, upon a jury verdict in favor of the plaintiffs and against the defendant on the issue of dam-

ages, granted the defendant's motion pursuant to CPLR 4404
(a) to set aside the verdict as to damages on the ground of
excessiveness, and granted a new trial on damages unless the
plaintiffs stipulated to reduce the verdict as to damages for
conscious pain and suffering from $1,500,000 to $100,000 and
to reduce the verdict as to damages for pecuniary loss to (1)
Vincenzo Donofrio from the sum of $350,000 to the sum of
$50,000, and (2) Carmen Donofrio from the sum of $500,000 to
the sum of $100,000.

Ordered that the order is modified, on the law, by deleting
therefrom the words "$50,000 for pecuniary loss to Vincenzo
Donofrio and $100,000 for pecuniary loss to Carmen Donofrio"
and substituting therefor the words "$83,333 for pecuniary loss
to Vincenzo Donofrio and $166,667 for pecuniary loss to Car-
men Donofrio"; as so modified, the order is affirmed, without
costs or disbursements.

This action arises from a single vehicle accident which oc-
curred when the defendant's son, the driver, lost control of the
vehicle, which was traveling at a speed of 70 to 75 miles per
hour, while attempting to negotiate a curve on the Cross Island
Parkway, and crashed into a tree. The only eyewitness to
testify at trial explained that just before the impact, the car
swerved out of its lane, went out of control, and started fishtail-
ing; then, "it looked like the wheels caught the curb and the
car just shot like a slingshot right * * * past the overpass",
and hit the tree within a second. The witness estimated that
seven to ten seconds elapsed between the time that the car
first sped past him and its collision with the tree. While the
driver apparently lost consciousness upon impact, the pas-
senger, the decedent herein, was heard moaning and groaning
shortly after the impact, and was declared dead within 20 to
30 minutes.

The trial court properly exercised its discretion in condition-
ally reducing the jury award for conscious pain and suffering,
which included preimpact terror. As the court found, the dura-
tion within which the decedent could have experienced any
preimpact terror was limited to only several seconds, which
warrants, at best, a minimal award (see, Shu-Tao Lin v Mc-
Donnell Douglas Corp., 742 F2d 45; cf., Shatkin v McDonnell
Douglas Corp., 727 F2d 202). Moreover, while the decedent did
suffer severe and massive injuries, his degree of consciousness
is uncertain, and any period of consciousness was limited in
duration, thus warranting the conditional reduction of the
award for conscious pain and suffering, which materially devi-
ated from what would otherwise be reasonable compensation

*(see,* CPLR 5501 [c]; *see, Portaro v Gerber,* 217 AD2d 539; *Higgins v State of New York,* 192 AD2d 821; *Dontas v City of New York,* 183 AD2d 868; *Tenczar v Milligan,* 47 AD2d 773).

Finally, while the 18-year-old decedent, who worked in the family business, lived with his parents, and cared for his younger sibling, was described as a wonderful, loving son who was especially helpful around the home, the trial court properly concluded that the jury award for pecuniary loss was excessive. We find, however, that the amount of damages should have been reduced only to the extent indicated above *(see, Costarelli v Gurino,* 170 AD2d 431). Miller, J. P., Sullivan, Joy and Altman, JJ., concur.