■ FAYE SMILEY-WALSH, as Administratrix of the Estate of JULIETTE REEVES, Deceased, et al., Respondents-Appellants, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [664 NYS2d 511] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), entered March 20, 1996, which, after a jury trial, awarded plaintiffs damages including, *inter alia*, $2,500 plus interest to Lorraine Smiley but no award to Faye Smiley-Walsh, individually, unanimously modified, on the facts, to the extent of remanding the matter for a new trial on the issue of the damages to Lorraine Smiley and Faye Smiley-Walsh, individually, and otherwise affirmed, without costs, unless defendant stipulates, within 30 days of the date of this order, to an award to Lorraine Smiley and to Faye Smiley-Walsh, individually, in the amount of $10,000 each, subject to reduction in accordance with the jury's apportionment of liability, and to entry of an amended judgment in accordance therewith, in which event the judgment, as amended is affirmed, without costs. Plaintiffs showed facts and conditions from which defendant's liability could be reasonably inferred (*see, Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 137). The issue of pre-impact terror was properly submitted to the jury (*see, Donofrio v Montalbano*, 240 AD2d 617). In view of the evidence establishing pecuniary loss to decedent's daughters, we find the jury awards in this regard to deviate materially from what is reasonable compensation under the circumstances and increase those awards, as indicated. The award challenged by defendant does not represent such a deviation. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Colabella, JJ.