■ BERTHA L. KRUM, as Executor of ROBERT M. KRUM, Deceased, Respondent, v GREEN ISLAND CONSTRUCTION COMPANY, INC., Appellant, et al., Defendant. [671 NYS2d 563] —Mikoll, J. P. Appeal from an order of the Supreme Court (Vogt, J.H.O.), entered June 11, 1997 in Ulster County, which denied defendants' motion to reduce plaintiff's award for lost earnings.

Following her husband's death in an automobile accident on October 20, 1994, plaintiff commenced a wrongful death action against defendant Green Island Construction Company, Inc. (hereinafter defendant), and the administrator of the other driver's estate. Following trial, plaintiff was awarded total damages of $140,065: $6,065 for funeral expenses, $50,000 for decedent's pain and suffering, and $84,000 for economic loss over a nine-year period. Defendants thereafter sought to reduce the economic loss portion of the award by $48,069, the amount of the Social Security widow's insurance benefits plaintiff was expected to receive over the nine-year period, claiming that these payments constituted a collateral source under CPLR 4545 (c). Supreme Court denied the motion and defendant appeals.

We affirm. The purpose of CPLR 4545 (c) is to prevent duplicative recoveries for the same item of economic loss. To qualify for an offset, the collateral source payment must correspond with a specific element of economic loss in the jury award. The burden of establishing this correspondence is upon

the party seeking the reduction (*see, Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81).

Defendant has failed to demonstrate that plaintiff's Social Security widow's benefits replace or duplicate her deceased husband's lost earnings. Denominated by the Social Security Administration as " 'Life Insurance' from Social Security", these benefits are paid to a surviving spouse regardless of whether the decedent was employed at the time of death, and they therefore have no correspondence to the lost earnings component of the damage award. Rather, they are analogous to life insurance benefits (*see*, 42 USC § 402 [e]; *Adamy v Ziriakus*, 231 AD2d 80).

For the same reasons, we reject defendant's claim that the $2,000 no-fault death benefit plaintiff expected to receive constitutes an appropriate set-off. Defendant has demonstrated no correspondence between this payment and a specific category of loss in the jury award. Our decision in *Hosmer v Distler* (150 AD2d 974), relied upon by defendant, antedated *Oden v Chemung County Indus. Dev. Agency* (*supra*).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.