■ TROY BRYANT, as Administrator of the Estate of DORO-THY D. ROBERTS, Deceased, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [673 NYS2d 471] —In an action to recover damages for medical malpractice and wrongful death, the defendant appeals from so much of a judgment of the Supreme Court, Kings County (Rosenberg, J.), entered November 26, 1996, as, upon a jury verdict in favor of the plaintiff and against it, and upon an order of the same court dated January 2, 1996, which granted its motion pursuant to CPLR 4404, *inter alia,* to set aside the verdict to the extent that the verdict was set aside unless the plaintiff stipulated to reduce the verdict as to damages for pain and suffering from $5,100,000 to $1,000,000, for past lost parental guidance from $4,000,000 to $360,000, for future loss of parental guidance from $9,000,000 to $1,800,000, and future loss of earnings from $2,100,000 to $308,333, and for loss of household services from $900,000 to $450,000, and did not disturb the jury's verdict of $50,000 for past lost earnings, is in favor of the plaintiff and against him.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof which awarded damages for past lost earnings and past and future loss of parental guidance, and substituting therefor a provision severing the plaintiff's causes of action as to those damages and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, unless within 30 days after service upon him

of a copy of this decision and order, the respondent shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past lost earnings to the sum of $35,000, as to damages for past lost parental guidance to the sum of $250,000, and as to damages for future lost parental guidance to $850,000, and to the entry of an appropriate amended judgment in his favor; in the event that the respondent so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

The damage awards in this case, as reduced by the trial court for pain and suffering, loss of household services, and future loss of earnings, did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). However, the court should have reduced the jury's award for past lost earnings, in light of the decedent's minimal education and job skills and the evidence that she only intended to work part-time for the first five years after the birth of her child. Furthermore, the awards for past and future loss of parental guidance, even as reduced by the Supreme Court, are excessive to the extent indicated (*see, Garcia v New York City Health & Hosps. Corp.,* 230 AD2d 766).

We reject the appellant's contention that the future lost earnings award should have been further reduced by the Social Security Survival Benefits which the decedent's child is entitled to receive (*see,* CPLR 4545). Those benefits do not duplicate or correspond to what the decedent would have earned had she lived (*see, Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81; *Krum v Green Is. Constr. Co.,* 249 AD2d 730). Nor are we persuaded that the Supreme Court should have further reduced the future lost earnings award by Social Security taxes, personal consumption, and work-related expenses which the decedent would have incurred.

The Supreme Court properly applied the provisions of CPLR article 50-B. The Supreme Court correctly based the value of the annuity upon the remaining undiscounted future damages, as opposed to the present value of the remaining future damages (*see, Caruso v LeFrois Bldrs.,* 217 AD2d 256, 259; *Petrides v Goodgold,* 170 Misc 2d 770; *Singletary v Three City Centre,* 158 Misc 2d 841; *see also, Damiano v Exide Corp.,* 970 F Supp 222). It was also proper to add the annual 4% increase required by CPLR 5041 (e) to the future damages prior to discounting such damages to their present value for the purpose of calculat-

ing attorney's fees (see, Karagiannis v New York State Thruway Auth., 209 AD2d 993). Finally, the Supreme Court properly exercised its discretion, under the facts of this case, by averaging the periods of time over which the future damages spanned in order to determine the appropriate discount rate to be applied (see, Caruso v LeFrois Bldrs., 217 AD2d 256, supra). Santucci, J. P., Joy, Florio and McGinity, JJ., concur.