**Roberta MOLDAWSKY, as Administratrix of the Estate of Alan M. Moldawsky, deceased, Plaintiff,**

v.

**SIMMONS AIRLINES, INC. and Avions de Transport Regionale, Defendants.**

**No. 96 Civ. 6461 (LLS).**

United States District Court, S.D. New York.

Sept. 9, 1998.

---

534

Kreindler & Kreindler, New York City (Marc S. Moller, Noah H. Kushlefsky, of counsel), for plaintiff.

Johnson & Bell, LTD., Chicago, IL (Robert J. Comfort, of counsel), for defendants.

## OPINION AND ORDER

STANTON, District Judge.

Defendants move for remittitur of the amounts awarded by the jury to decedent's three children for loss of parental nurture and guidance. The motion is granted to the following extent.

### 1.

The decedent was an active and supportive parent who, although he did not live with his children, saw them once or twice a week, helped his daughters Lara and Heather with any difficulties they experienced, and paid special attention to his developmentally disabled son Jonathan—for example, he became Jonathan's Little League coach to be sure he would have a chance to play.

He took his children on vacations, attended school conferences, involved his children in projects around the house and in every way assisted their development, competence and education.

When he was killed in the airplane accident he was 51 years old, Lara was 20, Jonathan was 16, and Heather was 12. For their loss of parental guidance and nurture, the jury awarded Lara $200,000, Jonathan $550,000 and Heather $300,000—a total of $1,050,000.

### 2.

New York State courts, whose rulings are law in this diversity case, emphasize that each case must be decided on its merits. *See* cases gathered in *McKee v. Colt Electronics Co., Inc.*, 849 F.2d 46, 51 (2d Cir.1988). Those courts have countenanced awards much higher than the verdict in this case. *See Bryant v. New York City Health and Hosps. Corp.*, 673 N.Y.S.2d 471 (A.D.2d Dept. 1998) (total of $1.1 million for loss of past and future guidance from decedent mother of

"minimal education and job skills"); *Garcia v. New York City Health and Hosps. Corp.* 230 A.D.2d 766, 646 N.Y.S.2d 694 (2d Dept. 1996) ($850,000 to daughter and $750,000 to son where decedent was 42–year–old homemaker). In *Wilson v. Chevron Chem. Co.,* 1988 WL 52779 (S.D.N.Y. May 18, 1988) this court let stand a verdict for $1,100,000 where the decedent father was 25 years old at death.

However, there is no indication that in any such case the children were as fully grown as those in the present case, nor the decedent parent as old; and in *Wilson* the award apparently included recompense for grief and suffering caused by the parent's loss, elements which are not available in this case under N.Y. Estates Powers & Trusts Law § 5–4.3, which limits recovery to pecuniary injuries. *See McKee,* 849 F.2d at 50.

### 3.

■ The factors to be considered include "the age, character, earning capacity, health, intelligence, and life expectancy of the decedent, as well as the degree of dependency of the distributees upon the decedent and the probable benefits they would have received but for the untimely death" (citations omitted). *McKee,* 849 F.2d at 52.

Since the award represents the loss of the educational and moral training and guidance that the children would have received from the parent, *see Tilley v. Hudson River R.R. Co.,* 29 N.Y. 252, 287 (1864); *DeLong v. County of Erie,* 89 A.D.2d 376, 455 N.Y.S.2d 887, 893 (4th Dept.1982), *aff'd,* 60 N.Y.2d 296, 469 N.Y.S.2d 611, 457 N.E.2d 717 (1983), two factors tend to reduce such awards as the children grow older: they have less need for such guidance, and the life expectancy of the parent who would furnish it becomes shorter. Accordingly, Judge Scheindlin of this court stated in *Mono v. Peter Pan Bus Lines, Inc.,* 13 F.Supp.2d 471 (S.D.N.Y.1998):

> Not surprisingly, courts reviewing jury awards for loss of parental guidance have generally reduced awards to adult children to a fraction of the amount recoverable by infant children. (Citing cases.)

In *Mono,* the court reduced to $75,000 an award for loss of parental guidance to a 29–year–old son who had been living across the country for six years before his mother's death, but who sometimes spoke with her four or five times a day for comfort and support in coping with his compulsive personality disorder and learning disability. Recognizing the similarity to the guidance given by a parent to a young child, the court nevertheless reduced the award because the son had established a career as a video tape editor for NBC News and because the mother was 57 years old at her death.

### 4.

The jury award must be reduced to the extent it "deviates materially from what would be reasonable compensation." N.Y.C.P.L.R. § 5501(c); *Bryant* 673 N.Y.S.2d at 473; *Klos v. New York City Transit Auth.,* 240 A.D.2d 635, 659 N.Y.S.2d 97, 99 (2d Dept.1997) ($250,000 per infant child for loss of parental guidance from 38–year–old father).

■ Under the circumstances of this case, the $200,000 award to decedent's daughter Lara must be reduced to $100,000. She is a graduate of the State University of New York, currently obtaining her masters degree from Columbia University, working as an intern at American Express, and doing very well. The award of $300,000 to decedent's younger daughter Heather must be reduced to $150,000. She is currently in high school receiving "B" grades and expects to attend college as her father had planned. It is evident that both daughters have already received much of the benefit of their father's advice and guidance.

■ The award of $550,000 for Jonathan must be reduced to $250,000. Jonathan's situation is special because of the personality and developmental problems from which he suffers, which justify a higher award because his father's training and encouragement to him were similar to that given a younger child. Nevertheless, while his father's nurture was of great help to Jonathan in the past, it is doubtful that such efforts would be

as effective in the future. As Jonathan's mother testified, his capacity for college-level work would not be improved even if his father were alive.

### 5.

Accordingly, defendants' motion is granted to the extent that they are entitled to a new trial with respect to the issue of damages for loss of parental guidance, unless within 30 days plaintiff stipulates to reduce the verdict for such damages from $200,000 to $100,000 for Lara, from $300,000 to $150,000 for Heather and from $550,000 to $250,000 for Jonathan.

So ordered.