■ KEVIN PACCIONE et al., Respondents-Appellants, v A. SAUL GREENBERG, Appellant-Respondent. [682 NYS2d 442] —In

an action to recover damages for medical malpractice and wrongful death, etc., the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Garry, J.), entered October 10, 1997, as, upon a jury verdict finding him 24% at fault, and finding that the plaintiffs suffered damages in the total sum of $6,020,000, is in favor of the plaintiffs and against him in the principal sum of $1,477,513.41 and the plaintiffs cross-appeal, as limited by their brief, from so much of the judgment as apportioned liability to other defendants who had settled with the plaintiffs prior to trial, and failed to submit the issue of the plaintiff's damages for loss of the decedent's services to the jury.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof which awarded damages for loss of parental guidance and substituting therefor a provision severing the cause of action to recover those damages and granting a new trial with respect thereto, unless within thirty days after service upon him of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict for loss of parental guidance from the principal sum of $5,000,000 to the principal sum of $3,000,000, and to the entry of an appropriate amended judgment in his favor, and (2) granting a new trial on the plaintiff's cause of action to recover damages for the loss of the decedent's services; in the event that the plaintiff so stipulates, then the judgment, as so modified, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The jury's finding that the defendant's failure to read the decedent's hospital chart before clearing her for gall bladder surgery was a substantial factor in the cause of her death was supported by sufficient evidence at trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Additionally, under the facts of this case, we reject the defendant's contention that the jury's findings that his action in giving a cardiology clearance for the decedent for surgery was not a substantial factor in the cause of death, but that the failure to read her chart and note the existence of liver problems was such a substantial factor, were irreconcilably inconsistent (*see, Tiernan v Heinzen,* 104 AD2d 645). According due deference to the jury's fact-finding function, the determination that the failure to read the chart and note the liver problems was a substantial factor in causing the decedent's death was not against the weight of the evidence (*see, Nicastro v Park,* 113 AD2d 129).

The defendant's arguments concerning the court's charge to the jury, including those contentions with respect to the court's refusal to permit the jury to consider the apportionment of liability of certain of the other doctors involved in the treatment and care of the decedent, are without merit. However, we find that the damages awarded to the decedent's two children for loss of parental guidance, in the sum of $2.5 million each, were excessive to the extent indicated (*see, Bryant v New York City Health & Hosps. Corp.*, 250 AD2d 797). We do not find, however, that the award to the decedent's husband for loss of consortium deviated from what was reasonable compensation under the circumstances (*see,* CPLR 5501 [a]).

The issues raised by the plaintiff on the cross appeal concerning the apportionment of liability to Dr. Rubano and Dr. Layug, who settled with the plaintiff prior to trial, are without merit. However, we find that, based upon the evidence presented, the jury should have been permitted to consider the issue of the plaintiff's damages for loss of the decedent's services, despite the court's preclusion of expert economist testimony as to the value of such services (*see,* EPTL 5-4.3 [a]; *Gonzalez v New York City Hous. Auth.,* 77 NY2d 663). O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.