■ DOROTHY OLSEN, Respondent, v MURRAY BURNS et al., Appellants, et al., Defendants. [699 NYS2d 731] —In an action to recover damages for medical malpractice and wrongful death, the defendants Murray Burns and Kingsboro Medical Group appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), entered April 17, 1998, as (a) upon a jury verdict finding (i) the defendant Murray Burns 60% at fault and the defendant Kingsboro Medical Group 40% at fault for the injuries to the plaintiff's decedent, and (ii) awarding $1,146,000 to the plaintiff, as executrix of the Estate of Dorothy Gibbs, for the decedent's conscious pain and suffering and $500,000 each to the decedent's seven adult children, distributees of the estate, on the cause of action to recover damages for wrongful death, and (b) upon an order of the same court dated February 18, 1998, granting that branch of their motion which was to reduce the damages awarded for wrongful death, and only reducing those damages from $500,000 each to $350,000 to Jude Gibbs, $150,000 to Andrew Gibbs, $125,000 to Edward Gibbs, and $60,000 each to

Anna Lawler, Frances Awad, Michael Gibbs, and Dorothy Olsen, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, as a matter of discretion, by deleting therefrom the award of damages for conscious pain and suffering in the sum of $1,146,000 and the awards of damages for wrongful death to Jude Gibbs, Andrew Gibbs, Anna Lawler, Michael Gibbs, Dorothy Olsen, and Frances Awad, and a new trial on the issue of those damages only is granted; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellants, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the awards of damages for conscious pain and suffering from the sum of $1,146,000 to $700,000 and to decrease the award of damages for wrongful death from the sum of $350,000 to $60,000 to Jude Gibbs, from the sum of $150,000 to $25,000 to Andrew Gibbs, and from the sums of $60,000 to $25,000 each to Anna Lawler, Michael Gibbs, Dorothy Olsen, and Frances Awad. In the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, without costs or disbursements. The order dated February 18, 1998, is modified accordingly.

In evaluating whether an assessment of damages is excessive or inadequate, this Court must determine whether it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Christopher v Great Atl. & Pac. Tea Co.,* 76 NY2d 1003; *Loehner v Simons,* 239 AD2d 468; *Campbell v Driscoll,* 190 AD2d 771; *Rivera v City of New York,* 170 AD2d 591; *Murphy v A. Louis Shure, P. C.,* 156 AD2d 85). The damages awarded for the conscious pain and suffering endured by the plaintiff's decedent is excessive to the extent indicated.

In addition, the award for pecuniary loss to the decedent's adult children Jude Gibbs, Andrew Gibbs, Anna Lawler, Michael Gibbs, Dorothy Olsen, and Frances Awad is excessive to the extent indicated (*see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663; *Rubin v Aaron,* 191 AD2d 547). Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.