■ HAQUIFA M. JOHNSON, a Deceased Infant, by Her Coadministrators MICHELLE F. WILLIAMS, et al., et al., Respondents-

Appellants, v QUEENS-LONG ISLAND MEDICAL GROUP, P. C., et al., Appellants-Respondents. [708 NYS2d 134] —In an action to recover damages for medical malpractice and wrongful death, (1) the defendants appeal (a), as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Alpert, J.), entered March 9, 1999, as, upon a jury verdict finding that the plaintiffs had sustained damages of $4,000,000 for past pain and suffering, and that the plaintiff Michelle F. Williams had sustained damages of $2,400 for wrongful death and $10,000 for loss of services, is in favor of the plaintiffs and against them in the principal sum of $4,012,400, (b) from an order of the same court, entered May 26, 1999, which denied their motion pursuant to CPLR 4404 (a) to set aside the jury verdict, *inter alia*, as against the weight of the evidence and granted the cross motion of the plaintiffs to increase the damages awarded for wrongful death to the extent of increasing the award in favor of the plaintiff Michelle F. Williams from $2,400 to $50,000, and the award in favor of the plaintiff Ralph P. Johnson from $0 to $20,000, and (c) from an amended judgment of the same court, entered October 8, 1999, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $4,080,000, and (2) the plaintiffs cross-appeal, on the ground of inadequacy, from the same judgment and amended judgment, and, as limited by their brief, from stated portions of the same order.

Ordered that the appeals and the cross appeals from the judgment and the order are dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the plaintiffs damages in the sum of $4,000,000 for past pain and suffering, and granting a new trial with respect thereto; as so modified, the amended judgment is affirmed, with costs, unless within 30 days after service upon the plaintiffs of a copy of this decision and order with notice of entry, the plaintiffs shall file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $4,000,000 to $1,200,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiffs so stipulate, then the amended judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeals and cross appeals from the judgment and the intermediate order must be dismissed because the right of

direct appeal therefrom terminated with the entry of the amended judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals and the cross appeals from the judgment and the order are brought up for review and have been considered on the appeal and the cross appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

In evaluating whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Olsen v Burns,* 267 AD2d 366). The damages awarded for the pain and suffering endured by the plaintiffs' decedent are excessive to the extent indicated.

In addition, contrary to the argument raised by the plaintiffs on their cross appeal, the respective awards for the wrongful death of their decedent, as increased by the trial court, were adequate, as the decedent was a 15-year-old student who did not contribute monetarily to the household of either parent (*cf., Dontas v City of New York,* 183 AD2d 868).

The defendants' remaining contentions are without merit. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.