■ WILLIAM McANDREWS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [749 NYS2d 896] —In an action, inter alia, to recover damages for wrongful death, the defendants appeal from a judgment of the Supreme Court, Richmond County (Lebowitz, J.), dated July 26, 2001, which, upon, inter alia, a jury verdict in favor of the plaintiffs and against them in the principal sum of $10,811,945 ($6,000,000 for individual pecuniary loss, $4,000,000 for conscious pain and suffering, $801,945 for loss of earnings, and $10,000 for burial expenses), and the denial of their motion pursuant to CPLR 4404, among other things, for judgment to set aside the verdict and for judgment in their favor as a matter of law, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the law and as a matter of discretion, by deleting the provisions thereof awarding the plaintiffs damages for loss of earnings and individual pecuniary loss and conscious pain and suffering, adding thereto a provision dismissing the cause of action to recover damages for loss of earnings, and granting a new trial as to damages for individual pecuniary loss and conscious pain and suffering; as so modified, the judgment is affirmed, with costs to the defendants, unless, within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering from $4,000,000 to $1,000,000, and for damages for individual pecuniary loss from $2,000,000 to $600,000 to the plaintiff William McAndrews, from $2,000,000 to $400,000 to the plaintiff Amy McAndrews, from $1,000,000 to $150,000 for the

plaintiff Craig McAndrews, and from $1,000,000 to $100,000 for the plaintiff William "BJ" McAndrews, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for entry of an appropriate amended judgment.

The award for conscious pain and suffering deviates materially from what would be considered reasonable compensation and is excessive to the extent indicated in light of the relatively short duration that the decedent was in pain (see Ramos v La Montana Moving & Stor., 247 AD2d 333; Glassman v City of New York, 225 AD2d 658). While the amount the jury awarded for loss of earnings was reasonable, this amount is duplicative of the individual pecuniary loss awards and therefore, the cause of action to recover damages for loss of earnings must be dismissed. Furthermore, the awards for individual pecuniary loss deviate materially from what would be reasonable compensation to the extent indicated (see Olsen v Burns, 267 AD2d 366; Garcia v New York City Health & Hosps. Corp., 230 AD2d 766; Glassman v City of New York, supra).

The appellants' remaining contention is without merit. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.