YITZCHOK TWERSKY et al., Appellants, v DAVID C. BUSCHE et al., Respondents. [830 NYS2d 725]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), entered July 28, 2005, which, after a jury verdict finding the defendant Colette King 75% at fault in the happening of the accident and the plaintiffs' decedent 25% at fault in the happening of the accident and awarding, among other things, damages in the sums of $1,000,000 for the pain and suffering of the decedent and $460,000 for pecuniary loss, (1) granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict as to damages for the pain and suffering of the plaintiffs' decedent to the extent of reducing the award from the sum of $1,000,000 to the sum of $650,000, and, (2) denied the plaintiffs' cross motion to increase the award of damages for pecuniary loss and thereupon reduced the award of $460,000 for pecuniary loss to the sum of $0.

Ordered that the order is modified, on the law, on the facts, and as a matter of discretion, (1) by deleting the provision thereof granting the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict as to damages for the pain and suffering of the plaintiffs' decedent to the extent of reducing the award of $1,000,000 for pain and suffering to the sum of $650,000, and substituting therefor a provision denying the defendant's motion, and (2) by deleting the provision thereof reducing the award of $460,000 for pecuniary loss to the sum of $0; as so modified, the order is affirmed, with costs to the plaintiffs, and the jury verdict as to damages for pain and suffering and pecuniary loss is reinstated.

On May 31, 2001, at approximately 2:30 P.M., the decedent was struck by a van traveling approximately 25 miles per hour,

while she was crossing an intersection at Bedford Avenue and Heyward Street in Brooklyn. Before the impact the decedent was startled by the van's horn as it passed Heyward Street, and she ran directly into the van. The impact sent the decedent to the pavement and resulted in numerous severe injuries including a broken femur, collar bone, and ribs, collapsed lungs, and excessive internal bleeding. The driver and passenger of the van, the defendants in this case, acknowledged that the decedent was conscious, responding, and moving after the accident. The trial proof further established that the decedent remained conscious until she finally underwent anaesthesia and surgery at Bellevue Hospital at approximately 5:00 P.M. on May 31, 2001. Expert proof established that during this approximately $2^{1}/_{2}$-hour period of consciousness the decedent experienced considerable pain.

The Supreme Court erred in reducing the jury award for the decedent's conscious pain and suffering. Under the circumstances of the accident and the duration of the decedent's consciousness thereafter, the $1,000,000 jury award did not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Ramos v La Montana Moving & Stor.*, 247 AD2d 333, 333-334 [1998]; *cf. Donofrio v Montalbano*, 240 AD2d 617, 617-618 [1997]; *Glassman v City of New York*, 225 AD2d 658, 660 [1996]; *Dontas v City of New York*, 183 AD2d 868, 869 [1992]).

The $460,000 jury award for pecuniary loss also did not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Garcia v New York City Health & Hosps. Corp.*, 230 AD2d 766, 767 [1996]; *Paccione v Greenberg*, 256 AD2d 559, 560 [1998]; *Plotkin v New York City Health & Hosps. Corp.*, 221 AD2d 425, 426 [1995]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.